CHARLES KITTER, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

### ERROR TO WHITESIDE.

If several cases are by agreement to be left to the same jury, the jurors must be sworn in each case, and a separate record must be kept of the finding, and a separate judgment should be entered on each finding.

AT a special term of the Circuit Court for Whiteside county, held in December, 1858, the plaintiff in error was indicted for " selling liquor without a license." He was arrested, and such proceedings were afterwards had in the premises that on the 30th day of December, 1858, this cause, to wit, number 76, came on for trial. Robert C. Burchell appeared on behalf of the People, and the defendant in his proper person, and by Johnson & Teller, his attorneys, and by agreement of counsel, cases number 76, 77, 78, 79, 80 and 81, were tried by one jury. And a jury being called and sworn to try case number 76, they, after hearing the evidence and the allegations of the parties, returned into court with the following verdict: " We, the jury, find the defendant guilty in manner and form as charged in the indictment, on the first seventeen counts, and not guilty as to the eighteenth;" whereupon the defendant filed his motion in arrest of judgment, and for a new trial; which motions were overruled; and the court assessed a fine against the said defendant for one hundred and seventy dollars and all the costs; and rendered a judgment for the same.

The defendant below prosecutes this writ of error.

C. J. JOHNSON, W. M. JENKS, and S. STRAWDER, for Plaintiff in Error.

R. C. BURCHELL, for The People.

BREESE, J. No argument can sustain this judgment and verdict. The agreement of the parties to try all the cases pending against the plaintiff in error, by one and the same jury, did not remove the necessity of swearing the jury in each case and making a separate entry of record of each case. There were six cases pending, of the same character—selling spirituous liquors without a license—each indictment containing two counts only. The jury were sworn to try but one case, or one of the indictments, and they "find the defendant guilty on seventeen counts of the indictment and not guilty on the eighteenth count," and judgment was entered accordingly. This is absurd. The finding

should have been on each indictment as under the agreement, or on the counts thereof, and separate judgments entered on each.
The judgment is reversed.

*Judgment reversed.*