(C. D. 1099)

GEORGE LUEDERS & CO. ET AL. *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 25, 1948)

John D. Rode for the plaintiffs.
Paul P. Rao, Assistant Attorney General, for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges; COLE, J., concurring.

MOLLISON, Judge: On November 14, 1946, plaintiffs George Lueders & Co., Ungerer & Co., Inc., and Van Ameringen Haebler, Inc., filed protests numbered, respectively, 130473–K/4503/46, 130474–K/4515/46, and 130475–K/160–47. Each of the protests is made against the collector's ascertainment and liquidation of duties as to warehouse entry 8015 involving citronella oil as dutiable at the rate of 40 cents per pound and 30 per centum ad valorem under paragraph 60 of the Tariff Act of 1930 (19 U. S. C., 1940 ed. §1001, par. 60) and the French Trade Agreement reported in T. D. 48316, and claims free entry of the merchandise under paragraph 1731 of the same act.

On April 17, 1947, the above-numbered protests were submitted together for determination and decision upon a stipulation of counsel. The material and pertinent portions of said stipulation are as follows:

It is hereby stipulated and agreed by and between counsel for the plaintiffs and the Assistant Attorney General for the United States that the merchandise marked "A" and checked PC by Examiner P. Cunningham on the invoices covered by the protests enumerated above, assessed with duty at the rate of 40 cents per pound and 30 per centum ad valorem under the provisions of paragraph 60, Tariff Act of 1930 and T. D. 48316, consists of Citronella Oil the same in all

material respects as the Citronella Oil the subject of *United States* v. *Procter & Gamble Mfg. Co.*, 34 C. C. P. A. (Customs) 71, C. A. D. 345.

It is further stipulated and agreed that the record in C. A. D. 345 be received in evidence herein and that the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A" as aforesaid.

The merchandise consists of 17 drums containing 6,720 pounds of citronella oil. The entry papers forwarded with the protests to the court by the collector show that Wessel, Duval & Co., Inc., purchased, imported, and entered said merchandise. However, accompanying each of said protests there is a "Memorandum re Protest" on the bottom of which there is included the following:

Note: The protest is one filed by a transferee and is applicable only to his portion of the goods.

The above-numbered protests were not consolidated by any order of the court. The stipulation above set forth provides "that the protests be deemed submitted on this stipulation." The stipulation, therefore, merely tenders the three protests for determination and decision together, which, in effect, is the same as a trial of separate actions together.

A court may order several causes pending before it to be tried together where they are of the same nature, arise from the same act, event, or transaction, involve the same or like issues, and depend largely or substantially on the same evidence, and where a joint trial will not give one party an undue advantage or prejudice the substantial rights of any party; and this is true not only where the parties in the several actions are the same, but also where actions have been brought by different plaintiffs against the same defendant or defendants. 64 C. J. 35, Sec. 6; *Keep* v. *Indianapolis & St. Louis R. Co.*, 10 Feb. 454.

28 U. S. C. § 734 provides as follows:

§ 734. *Orders to save costs; consolidation of causes of like nature.* When causes of a like nature or relative to the same question are pending before a court of the United States, or of any Territory, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so.

Section 734 has been construed as authorizing actual technical consolidation at law and also trial together. 1 C. J. S. 1373, Sec. 113, Note 69. However, actual consolidation and trial together should be differentiated from each other. 1 C. J. S. 1373, *supra.* Under the latter practice, that is, trial together of several actions, the several actions, instead of being merged into one, preserve their separate identity, and such trial together of several actions does not change the rights of the parties or make those who are parties in one suit parties in another. 1 C. J. S. 1373, Sec. 113, Notes 69 to 72; *Johnson* v. *Manhattan Ry. Co.*, 289 U. S. 479, 496–7; *Toledo, St. L.*

& *K. C. R. Co.* v. *Continental Trust Co.*, 95 Fed. 497, 506; *Taylor* v. *Logan Trust Co.*, 289 Fed. 51, 53; *Nolte* v. *Hudson Nav. Co.*, 11 F. (2d) 680, 682; *Mutual Life Ins. Co.* v. *Hillmon*, 145 U. S. 285, 293.

In *Johnson* v. *Manhattan Ry. Co., supra,* the United States Supreme Court held as follows:

* * * Under the statute, ·28 U. S. C., § 734, consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.

The trial of several actions together is merely procedural and does not affect substantial interests of the parties. *Nolte* v. *Hudson Nav. Co., supra.*

Where actions are tried together it may be said that there is a "consolidation" of trials, i. e., a merger or combination of several trials into one, but not a consolidation of the several actions themselves. *Johnson* v. *Manhattan Ry. Co., supra; National Union Fire Ins. Co.* v. *Chesapeake & O. Ry. Co.*, 4 F. Supp. 25, 29; 1 C. J. 1138, Notes 42, 44, 46.

The effect of actual technical consolidation at law is to unite and merge all of the different actions consolidated into a single action for the purpose of all further proceedings, the same as if the different causes of action involved had originally been joined in a single action. 1 C. J. S. 1371, Sec. 113, Note 55; *National Union Fire Ins. Co.* v. *Chesapeake & O. Ry. Co., supra.* Under such circumstances several findings may be had upon the several causes of action stated in the pleadings, but they should be embodied in a single set of findings as in a single action, and there should be but a single judgment comprehending and settling all of the issues involved. 1 C. J. S. 1375–6, Sec. 113, Notes 7, 8, 10, and 11.

But where several actions are merely being tried together, as is substantially true in the protests involved, which are submitted for decision together, the several actions are not merged into a single action, but remain as individual actions, separate and distinct from each other.

The law seems to be well-established that where several actions are tried and submitted together it is not proper to render a general judgment, but separate judgments should be entered in the separate actions. 49 C. J. S. 186, Sec. 66, Note 51, and cases therein cited; *Keep* v. *Indianapolis, etc.*, 10 Fed. 454; *American Steel & Wire Co.* v. *Tynan*, 183 Fed. 949; *Kitter* v. *People*, 25 Ill. 42; *New York Security & Trust Co.* v. *Saratoga Gas & Electric Co.*, 88 Hun 569, 34 N. Y. Supp. 890, affirmed in 157 N. Y. 689; 33 C. J. 1194, Sec. 124, Note 40; *Fisher* v. *Diehl*, 40 A. (2d) 912, 156 Pa. Super. 476.

Under 28 U. S. C. § 734, where actions are tried together, the actions so tried remain separate as to parties, pleadings, decrees, and

judgments, unless otherwise directed. *Toledo, St. L. & K. C. R. Co.* v. *Continental Trust Co.*, 95 Fed. 497, cert. den. 20 S. Ct. 383, 176 U. S. 219, 44 L. Ed. 442.

As has been said, it would seem that the plaintiffs or protestants in the cases at bar are the transferees of the rights of the original importer. There is, however, nothing on the face of any of the three protests before us to indicate that each party plaintiff or protestant filed the same under the provisions of section 557 of the Tariff Act of 1930, as amended by section 22 of the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. sec. 1557). That section provides as follows:

(b) The right to withdraw any merchandise entered in accordance with sub-section (a) of this section for the purposes specified in such subsection may be transferred upon compliance with regulations prescribed by the Secretary of the Treasury. So long as any such transfer remains unrevoked the transferee shall have, with respect to the merchandise the subject of the transfer, all rights to file protests, and to the privileges provided for in this section and in sections 562 and 563 of this Act which would otherwise be possessed by the transferor. The transferee shall also have the right to receive all lawful refunds of moneys paid by him to the United States with respect to the merchandise and no revocation of any transfer shall deprive him of this right. Any such transfer may be made irrevocable by the filing of a bond of the transferee in such amount and with such conditions as the Secretary of the Treasury shall prescribe, including an obligation to pay all unpaid regular, increased, and additional duties, charges, and exactions on the merchandise the subject of the transfer. Upon the filing of such bond the transferor shall be relieved from liability for the payment of duties, charges, and exactions on the merchandise the subject of the transfer, but shall remain bound by all other unsatisfied conditions of his bond.

Thus, each plaintiff, if successful, would be entitled to reliquidation of the entry only as to the merchandise the subject of its transfer. Each of the protests makes the *same* claim, and it would appear thereby that each plaintiff makes a general claim that it is entitled to reliquidation of warehouse entry No. 8015, i. e., it would appear that on the face of the protests *each plaintiff claims the entire refund involved under the single warehouse entry No. 8015.*

We find among the papers certain documents, each entitled "Warehouse Withdrawal for Consumption," customs Form 7505, from which it appears that at some unspecified time Wessel, Duval & Co., Inc., the original entrant, transferred to George Lueders & Co., one of the protestants herein (protest 130473–K), the right to withdraw the 17 drums, numbered 15 to 31, inclusive, covered by warehouse entry 8015. We note endorsements upon the face of the said forms indicating that the transferee filed a bond, apparently in accordance with the provisions of section 557 (b) of the Tariff Act of 1930, as amended, *supra,* thus making the transfer irrevocable.

It also appears from the said documents that on July 9, 1946, George Lueders & Co. transferred to Ungerer & Co., Inc., the protestant

under protest 130474–K, the right to withdraw two drums, numbered 16 and 17, and that Ungerer & Co., Inc., not only filed a transferee's bond, but also withdrew the said drums from warehouse.

It also appears from the said documents that on August 1, 1946, George Lueders & Co., transferred to Van Ameringen Haebler, Inc., the protestant under protest 130475–K, the right to withdraw one drum, numbered 18, and that Van Ameringen Haebler, Inc., not only filed a transferee's bond but also withdrew the said drum from warehouse.

Accepting the stipulation as establishing the facts therein recited, and upon the stipulation and the incorporated record, and following the decision in the cited case, we sustain the claim in each of the protests as to the merchandise described in the stipulation only insofar as the interest of each plaintiff therein appears as above set forth.

Judgment will issue accordingly.

### CONCURRING OPINION

COLE, Judge: The majority opinion discusses and the judgment thereon disposes of three separate and distinct protests, all of which were submitted to the court in a joint stipulation which, in the form presented, was ordered filed by the court.

With the judgment, I am in complete agreement and will sign the same. I cannot, however, subscribe to much of the discussion in the majority opinion.

There can be no question from the record in this case that the three protests listed in the stipulation were never consolidated for trial, but were merely submitted for such action as the court would deem proper in each individual case.

There is no provision in the statute governing the procedure before this court, or in the rules of this court, relating to the consolidation of cases for trial. The nearest approach to such procedure is a rule of court providing for suspension of cases when the court is satisfied that the issues are the same. By agreement between counsel, this court has frequently approved the trial of a number of cases at the same time, with the understanding that each would rest upon its individual merit.

I know of no authority this court possesses to order arbitrarily the consolidation of cases before it for trial, such as the procedure existing in the district courts of the United States, under the Rules of Civil Procedure, which the majority opinion embraces as applicable here. The specific rule governing consolidation of cases in the district courts of the United States, section 734, has been discussed very interestingly in the majority opinion. While I subscribe fully to the wisdom of such practice, said rule has no application to the procedure in this court.

The particular rule, governing consolidation of cases before the district courts of the United States, and many others found in the Rules of Civil Procedure, with few amendments to meet the practice peculiar to this court, could well apply to practice and procedure in the United States Customs Court. Until this court adopts said rules, I cannot endorse an opinion applying the same to our practice.