GLICKMAN *v.* STATE
SAME *v.* SAME

[Nos. 165, 166, October Term, 1947.]

518

*Decided May 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, and HENDERSON, JJ., and BAILEY, Circuit Judge, specially assigned.

*Samuel K. Dennis* and *Paul Berman,* with whom were *Sigmund Levin* and *Theodore. B. Berman* on the brief, for the appellant.

*Richard W. Emory, Deputy Attorney General,* with whom were *Hall Hammond, Attorney General,* and *J. Bernard Wells, State's Attorney for Baltimore City,* on the brief, for the appellee.

BAILEY, Circuit Judge, by special assignment, delivered the opinion of the Court.

Two indictments were returned by the Grand Jury of Baltimore City against the appellant, Glickman. The first indictment, No. 30503, contained six counts, charging various violations of the statute against disturbing

the public peace and disorderly conduct. The second indictment, No. 30504, contained a single count, charging an assault on one Hubert Lilly. Both offenses were alleged to have occurred on October 9, 1947. The cases were tried together before a jury in the Criminal Court of Baltimore City. The jury rendered a verdict of guilty under the sixth count of the first indictment, which specifically charged that the appellant "unlawfully and wilfully did hinder and obstruct the free passage of certain persons then and there passing by and along a certain public street and highway in the said City." Upon this verdict sentence was suspended generally. In the second case the verdict of the jury was guilty and the appellant was sentenced to be confined in jail for 10 days and to pay a fine of $50 and costs. He has appealed from the judgments in both cases.

The alleged offenses occurred during a strike by the Industrial Union of Marine and Ship Workers of America. A picket line of more than thirty pickets was maintained before the main gate at the yards of The Patapsco Scrap Company. The appellant was a national representative of the union, in charge of social service work in Baltimore. On October 9, 1947, he was on the scene of the picket line as an observer of the line and traffic conditions and for the purpose of taking motion pictures of the strike activities. About 8 o'clock in the morning Lilly, a boy of eighteen, having received a telegram from the company, was reporting for work. Sergeant Helmer, a policeman on strike duty at the scene, testified to the incident as follows: "This young man at that time came up to me, or was brought to me by a policeman, said he wanted to go through the picket lines. Just then Mr. Glickman came along and said, can I talk to him. I said, yes if he wants to talk to you you can talk with him. He talked with him for a few minutes, and I overheard what he said. He said, you can not go through that line. When I heard him say that I walked up to this boy. I thought he was being annoyed. I went up to him and said, Young man, do you want to talk to this

man or don't you. He said I don't want to talk with this man, I want to go to work. I said, go on, and no one will molest you. He started on through the picket line, and Mr. Glickman ran behind him, and grabbed him, and as he did that I ordered his arrest and he was locked up."

Prior to the passage of Chapter 608, Acts of 1927, amending Section 577, Article 27, of the Annotated Code, 1924, this Court held in *Symington III v. State,* 133 Md. 452, 105 A. 541, that a general suspension of sentence was in legal effect and meaning the suspension of judgment and that from such a suspension of judgment no appeal would lie. Section 577, as amended by Chapter 608, Acts of 1927, is now codified as Section 680, Article 27, Annotated Code, 1939, and expressly provides that in all cases where sentence has been suspended by the Court, the defendant shall have the right to appeal to the Court of Appeals in the same manner as if sentence or judgment had been entered in said case. The conviction under the sixth count of the indictment, No. 30503, being the subject of the appeal in No. 165, is, therefore, properly before us for review.

In both appeals the first question raised by the appellant relates to the alleged misconduct of the Assistant State's Attorney in his closing argument to the jury. This incident is stipulated in the record as follows:

"(Mr. Biddison) The law applies to everyone equally whether it be applied to a Philadelphia foreigner.

"(Mr. Berman) I move to withdraw a juror and have your Honor declare a mistrial.

"(The Court) Motion denied.

"(Mr. Biddison) Well he is from Philadelphia.

"(Mr. Berman) I move to withdraw a juror and ask for a mistrial.

"(The Court) Overruled.

"(Mr. Biddison) Continuing—A foreign jurisdiction, and the law should apply to him as well as to anyone who is a resident of our City."

The record discloses that, when the appellant took the stand to testify in his own behalf, after he had given his name and Baltimore address to the bailiff, the first question asked him by his counsel, Mr. Berman, was "Where are you from?" and his answer was "I am from Philadelphia." So the reference to him as a "Philadelphia foreigner" by the Assistant State's Attorney was sustained by his own testimony. We agree with the statement of this Court in *Toomer v. State,* 112 Md. 285, 76 A. 118, 122, that "it is unquestionably wrong for the State's Attorney in his argument to the jury to refer to any matter not testified to by the witnesses or disclosed by the evidence in the case, and it is his duty to confine his remarks to the facts in the case." If there was any impropriety in referring to the appellant as a "foreigner" the Assistant State's Attorney, when checked, immediately corrected the statement by saying "Well he is from Philadelphia—a foreign jurisdiction." We cannot ascribe to the remark the implications which the appellant seeks to make. We commonly refer to out-of-state corporations as "foreign" corporations and to other states as "foreign" jurisdictions. In the absence of something to show that the jury, which is a body of competent and honest men and women, sworn to try the issue of the traverse on the evidence before them, was misled or influenced to the prejudice of the traverser by such remark the lower court would not have been justified in declaring a mistrial, nor would this Court be warranted in reversing the judgment. In *Dunlop v. United States,* 165 U. S. 486, 17 S. Ct. 375, 379, 41 L. Ed. 799, the Supreme Court said: "If every remark made by counsel outside of the testimony were ground for reversal, comparatively few verdicts would stand, since, in the ardor of advocacy, and in the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation." See also *Cohen v. State,* 173 Md. 216, 195 A. 532, 196 A. 819; *Rasin v. State,* 153 Md. 431, 138 A. 338; *Dick v. State,* 107, Md. 11, 68 A. 286, 576; *Esterline v. State,* 105 Md. 629, 66 A. 269. The situation

in the instant case is entirely different from that presented in *Meno v. State*, 117 Md. 435, 83 A. 759, where the State's Attorney interrupted a witness during the course of her examination and injected a statement, which tended to connect the traverser with the crime but which would not have been admissible evidence had the State attempted to introduce it. This was highly prejudicial to the traverser and this Court was correct in so holding.

Nor do we think that the Assistant State's Attorney in this case contravened the rule laid down by the Supreme Court in the case of *Viereck v. United States*, 318 U. S. 236, 63 S. Ct. 561, 567, 87 L. Ed. 734, in the following language: "He may prosecute with earnestness and vigor —indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones." We can see nothing in the remark objected to which deprived the appellant of a fair and impartial trial or denied him due process of law.

The second objection is to the validity of the verdicts in both cases. When the jury returned and were asked by the Clerk if they had arrived at a verdict they answered, "Yes." The Clerk then asked for their verdict and the forelady said, "Guilty on the sixth count in indictment No. 30503." The Assistant State's Attorney and the Court then asked the jury if they had arrived at a verdict on the assault indictment, to which they answered: "No." The Court then instructed the jury that they should return to their jury room and that the form of their verdict should be either "Guilty" or "Not Guilty" on the assault indictment. Appellant's counsel then moved that the verdict be set aside on the ground that "all the forelady would say was 'guilty on the second count.'" He then objected to the Court's sending the jury back and asked that the jury be discharged from further consideration of the case and that the Court declare a mistrial. These motions were denied.

When the jury returned after further deliberation, appellant's counsel objected to the taking of any verdict

at this time, contending that the former verdict of "Guilty on the sixth count in indictment No. 30503" was their whole verdict in both cases. After his objection was overruled the Clerk asked the jury, "Have you agreed of your verdict?" Their answer was, "We have." He then asked, "Who shall say for you?" and their answer was, "Our foreman." The Clerk then said: "Please stand. How say you, is Samuel Glickman guilty of the charge of assault whereof he stands indicted or not guilty?" The forelady replied: "Guilty of charge 30504." The Clerk then said: "Hearken to your verdict. You say Samuel Glickman is guilty in 30504 and so say you all."

Since the decision of this Court in the case of *Hechter v. State,* 94 Md. 429, 50 A. 1041, 56 L. R. A. 457, there has been no question that a verdict, finding a traverser guilty under one count of an indictment containing several counts and being silent as to the remaining counts, is a valid verdict and is equivalent to a verdict of not guilty as to the remaining counts. This case expressly overruled the case of *State v. Sutton,* 4 Gill 494, which held to the contrary. Thus the first verdict rendered by the jury, "Guilty on the sixth count in indictment No. 30503" is, in form, a valid verdict as to that case only, unless the rule of law is changed by reason of the two cases being tried together. The appellant contends, under the authority of *Holmes v. State,* 146 Md. 420, 126 A. 116, that the consolidation of two or more indictments for trial together makes the position of the traverser identical to that of having a single indictment against him with as many counts as the total of all the counts of the several indictments. If this contention is correct, he argues further that absence of any finding by the jury, in the first instance, on the indictment No. 30504, operated, in accordance with the rule enunciated in the *Hechter* case, *supra,* as a verdict of not guilty as to the second indictment.

The holding in the *Holmes* case, *supra,* was to the effect that where there were a large number of indictments charging defendant with obtaining various sums of money

524

from a person named, and a blanket indictment embracing the aggregate of such sums so obtained and an additional sum, it was proper for the court to consolidate all these indictments, even without the consent of the accused, and that a verdict of guilty upon some of the other indictments was not inconsistent with a verdict of not guilty upon the blanket indictment. The opinion discloses, at page 422 of 146 Md., 126 A. 116, that there was a verdict as to each of the twenty-three indictments, not guilty as to five of them and guilty as to the remainder. In the course of its opinion the Court does say, at page 426 of 146 Md., at page 118 of 126 A.: "After the consolidation the position was identical with an indictment containing twenty-three counts, one of which counts charged the obtaining of $66,977.24, and twenty-two other counts charging the obtention of the various sums set out in the twenty-two indictments in this case, other than the blanket indictment." But the Court was considering here only the consistency of the verdicts on the separate indictments. That question is not involved in the cases at bar. Here we are considering whether or not the verdict of the jury as first rendered was a full and complete verdict on all the indictments before it. That it was not is evidenced by the fact that the jury, upon inquiry, informed the Court that it had arrived at no verdict on the assault indictment. While the cases were tried together, the record and docket entries fail to disclose any formal order of consolidation. The docket entries in each case are separate and distinct. Separate orders for appeal to this Court were filed in each case, and the cases are docketed separately on the docket of this Court. While it does not appear what procedure was followed in these cases, it is indicated in *Bishop's New Criminal Procedure,* Fourth Edition, Vol. 1, par. 1042, that the jury should have been sworn separately in each case. *Kitter v. People,* 25 Ill. 42. We feel that in spite of the fact that they were tried together, the cases are so far separate and distinct that there should be separate verdicts as to each indictment, or, at

least, a verdict touching upon each indictment. The verdict, as first announced, was a valid verdict as to all counts in indictment No. 30503, but at that time the jury had reached no verdict with respect to indictment No. 30504.

In the case of *Heinze v. State*, 184 Md. 613, 42 A. 2d 128, 130, this Court, speaking through Judge Delaplaine, has said: "Where a verdict is ambiguous, inconsistent, unresponsive, or otherwise defective, it is the duty of the trial judge to call the jury's attention to the defect and to direct them to put the verdict in proper form either in the presence of the court or by returning to their consultation room for the purpose of further deliberation." See cases there cited. Certainly then, when the jury have arrived at no verdict and so state, it is equally the duty of the trial judge to require them to retire, deliberate upon the case, and arrive at a verdict if possible. That is exactly what the trial judge did with respect to the trial upon the assault indictment, No. 30504, the subject of the appeal in No. 166.

The final objection urged by the appellant to the validity of the verdicts in both cases is that the jury was not properly hearkened after the rendition of the verdicts. This matter is discussed by the Court at length in *Givens v. State*, 76 Md. 485, 25 A. 689. The procedure, as uniformly practiced in the courts of Maryland is set out in the opinion and the Court, commenting thereon, said: "And while it may be a matter of form and practice, yet it is a juridicial form; and matters of form when they become established, and are supported by reasons of justice and propriety, are regarded as matters of substance." The Court further said: "It is to secure certainty and accuracy, and to enable the jury to correct a verdict, which they have mistaken, or which their foreman has improperly delivered, that they are called upon to 'hearken thereto.'" In that case there was a motion in arrest of judgment, which was overruled, and the case was before the Court of Appeals for review as on writ of error. The judgment was reversed.

In discussing this procedure in *Heinze v. State, supra,* the Court said: "Any member of the jury has the right *sua sponte* to dissent from the verdict as announced by the foreman at any time before it is recorded and affirmed by the jury. If no objection is made by any of the jurors or by the State or the accused, the verdict as announced is the verdict of the whole panel; and it is then the duty of the clerk to record the verdict and have it affirmed by the jury in the presence of the court by calling upon the whole panel to hearken to their verdict as the court has recorded it, and by repeating to them what has been taken down for record. Until the announcement that the verdict has been recorded, the jury have the right to amend or change any verdict; and when it is so amended it is the real verdict of the jury and it may be properly accepted by the court." See cases there cited.

The record discloses, as we have noted above, that the jury were never hearkened as to their verdict in No. 165. But the record also discloses that no objection was made to the verdict on this ground, and we must hold that such objection was waived. This Court has recently held in *Conley v. Warden of the Maryland House of Correction,* 190 Md. 750, 59 A. 2d 684, as follows: "If error was committed by the trial court in receiving or entering the verdict, it was incumbent upon the accused, or his counsel, to raise the question by objection or motion in the trial court, and appeal from the court's ruling. Compare *Hechter v. State,* 94 Md. 429, 50 A. 1041, 56 L. R. A. 457; *Novak v. State,* 139 Md. 538, 115 A. 853, and *Harris v. State,* 182 Md. 27, 31 A. 2d 609. * * * 'Where in a State criminal trial the defendant is represented by competent and experienced counsel, even constitutional rights known or presumed to be known to counsel to exist must be held to have been waived if not made at all or * * * inadequately presented.' *United States ex rel. Jackson v. Brady,* 47 F. Supp. 362, 367, aff. 4 Cir., 133 F. 2d 476, cert. den. 319 U. S. 746, 63 S. Ct. 1029, 87 L. Ed. 1702, rehearing denied 319 U. S. 784, 63 S. Ct. 1315, 87 L. Ed. 1727." Had the objection been seasonably made in the

case at bar, the omission could have been readily corrected.

The record discloses that the procedure of hearkening was performed in No. 166, but the appellant contends that it was ineffectual because the Clerk omitted the words "as the court hath recorded it." This is a mere matter of immaterial form. The important matter of substance is that all the jurors assented to the verdict in the manner in which it had been stated by the foreman and accepted by the Court. Again, no objection was made to the manner in which the jury was hearkened and we must consider it to have been waived. Timely objection would have resulted in the correction of a mere formal matter.

The final question raised by the appellant is that the sentence of ten days in jail and $50 fine, imposed upon him in the assault case, Indictment No. 30504, No. 166 in this Court, constituted cruel and unusual punishment, violative of Articles 16 and 25 of the Declaration of Rights, in the Maryland Constitution. This same contention was raised by the same counsel in the case of *Apple v. State*, 190 Md. 661, 59 A. 2d 509, and the opinion of Chief Judge Marbury therein discusses the subject at length. In order not to extend this opinion unduly, we adopt Judge Marbury's reasoning and conclusion in that case as our opinion in the instant case. Our finding is that the Court imposed no cruel or unusual punishment upon the appellant in this case.

As we find no reversible error in either of the cases, the judgment in each case will be affirmed.

*Judgment in No. 165 affirmed with costs.*

*Judgment in No. 166 affirmed with costs.*