## MAURICE CLAYVONE STEVENSON AND ERNEST SPENCER BORUM *v.* STATE OF MARYLAND

[No. 313, September Term, 1969.]

*Decided March 17, 1970.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*James Robert Miller* for appellants.

*William E. Brannan, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, William
A. Linthicum, Jr., State's Attorney for Montgomery
County,* and *Earl C. Hill, Jr., Assistant State's Attorney
for Montgomery County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The question here presented is whether the lower

154

·court's refusal of a suggestion of removal as made by appellants was reversible error. We conclude, in the unusual facts and circumstances existent, that it was. The judgments against Maurice Clayvone Stevenson and Ernest Spencer Borum (appellants) under Criminal Nos. 7366 and 7368, tried before a jury in the Circuit Court for Montgomery County, are reversed.

In *Stevenson and Borum v. State*, 4 Md. App. 1, certiorari denied, 251 Md. 752, we affirmed an order denying a motion to dismiss indictments Nos. 7367, 7366, 7368 and 7365. Those indictments jointly charged appellants with rape, assault with intent to rape and assault and battery under 7367; robbery with a deadly weapon, attempted robbery with a deadly weapon, robbery, and assault with intent to rob under 7366;[1] the breaking of a dwelling in the daytime with intent to steal, larceny and receiving stolen goods under 7368; and breaking a dwelling house in the daytime with intent to steal under 7365. The offenses in the first three indictments were alleged to have been committed on 22 June 1965. Appellants assert, and the State does not dispute, that they all arose out of the breaking charged in 7368, it being the contention of the prosecution that after appellants gained ·entry they raped and robbed a domestic working in the dwelling. The offense in 7365 was alleged to have been ·committed on 3 June 1965.

The four indictments were called for trial on 27 May 1969. Prior to trial the State filed a suggestion for removal of all four indictments. Appellants filed a motion to consolidate the indictments for trial, alleging that 7366, 7367 and 7368 "all relate to the same criminal activity and involve the testimony of the same witnesses as to acts occurring on the same date, at or about the same time", and that 7365, "although relating to alleged criminal activity on a different date involves testimony by substantially the same witnesses", and that "the police

---

1. The order which was the subject of our prior opinion granted the motion as to the charge of attempted robbery with a deadly weapon charged in No. 7366.

witnesses and expert witnesses to be called by the State will testify identically in the four cases." They claimed that "to permit the State to try these cases individually would permit the State four opportunities to convict the defendants on identical and substantially identical evidence, which would be manifestly unfair to the defendants." The motion stated that "the State advises it would be a burden to the State witnesses to try these cases individually and therefore will consent to this Motion." The court indicated to the State that a separate suggestion for removal should have been filed as to each indictment. The State's Attorney said to the court:

"Our position with respect to removal is this: If the Court does not consolidate the cases for trial, then we do not want to remove them; and we would withdraw our affidavit for removal. We do not think it is fair."

The court stated it would rule on the affidavits to remove first and recessed the court so the State could "put them in proper form." After recess the State moved to withdraw its suggestions for removal and the court granted the motion. Appellants' motion to consolidate all four indictments for trial was then considered by the court. The State told the court it had no objection to the consolidation. The court granted the motion to consolidate Criminal Nos. 7365, 7366, 7367 and 7368.

At that point in the proceedings, in answer to inquiry by the court, the State said it was ready for trial; defense counsel said he was not.[2] The transcript of the proceedings reads:

"MR. MILLER (Defense Counsel) : I would like to just make a short statement to the Court. I have been down to Lorton, I guess, two or three occasions in the past, two or three weeks ago to see these two men.

2. Six days before a motion for continuance made by appellants was denied.

I went down there, and one time I recall specifically on May 1st of 1969, to discuss various aspects of this case with them.

At that time I discussed with them specifically their rights to a removal from this County in the event they felt they could not obtain an impartial trial.

They did not desire at that time any removal from this County. I wrote them on May 8 in part, whether this confirmed our conversation, where you felt sincerely if you felt we would have a right to removal. They still did not. Apparently they now desire me to file on their behalf an Affidavit of Removal.

THE COURT: Well all right, I will remove the rape case. I will hear the others. Let me see your motion.

MR. MILLER: Your Honor, I believe it is consolidated.

THE COURT: Yes, and if you and the State think you are pulling me leg like that—

MR. MILLER: I am not helping the State.

THE COURT: I heard you were less than fair with the Court when the Court said it would rule on this removal and you well knew— the Court strikes this order to consolidate for obvious reasons, as shown by the colloquy between counsel for the defendants and the State.[3]

The State will entertain your suggestion of removal, but put it in each one of your forms.

MR. MILLER: That is why I made the statement. It is not of the State's doing or my doing. This is these men.

---

**3.** To what colloquy the court referred is not clear from the record.

THE COURT: You knew it when you came into Court. Make your motion on each one of your individual cases, and I will rule on them.

MR. MILLER: We would move, if the Court please, to move all four of the cases as being consolidated.

THE COURT: The Court orders that the motion to consolidate, that to its approval of the motion to consolidate Criminal Nos. 7365, 7366, 7367 and 7368 be and it is hereby rescinded and stricken.

Now, the Court will entertain your suggestion for removal, and I will take first the one that you have a right to have removed, as a matter of law without any question; and that I believe is the indictment for rape in Criminal No. 7367."

The court granted appellants' suggestion for removal in 7367 charging the rape, removing it to Dorchester County. After hearing argument it said to defense counsel: "If you desire to present no evidence [as to prejudice], then your motion to remove and suggestion and affidavit of removal in Criminal Nos. 7365, 7366 and 7368 is denied. Now, I will entertain a motion to consolidate if you like for those three cases." The State's Attorney said it would prefer to consolidate only 7366 and 7368. He added, "We must say, though, of course, again on the record that the State would prefer, as the Court knows, to have all three, June 22 cases [7366, 7367 and 7368], tried together; but since that is not possible, the State would move to consolidate 7366 and 7368 and try them today." Appellants again moved "to consolidate them at this time, No. 7367 which is the removed case and have them all sent together to Dorchester County." The court ruled, "The defendants' motion is denied. The State's motion in Criminal 7366 and 7368 is granted." Defense moved again for a continuance bringing to the attention

of the court that a habeas corpus proceeding was pending in the United States Court of Appeals for the Fourth Circuit on appeal from the District Court of Alexandria, "seeking an injunction against this prosecution" and that appellants desired a continuance until disposition of it was made. The motion was denied. Trial proceeded on 7366 and 7368. Appellants were each convicted of robbery with a deadly weapon under the 1st count of 7366 and of breaking a dwelling house with intent to steal under the 1st count and petit larceny under the 2nd count of 7368.

The original order of the court to consolidate the indictments for trial was in nowise improper. We said in *Wilson, et al v. State,* 8 Md. App. 653 (1970) :

> "The Maryland Rules of Procedure as to a joint trial relate to both offenses and defendants. The general rule is that the court may order two or more indictments to be tried together if the offenses and the defendants could have been joined in a single indictment. Rule 734. Two or more offenses may be charged in the same indictment in a separate count for each offense. Rule 716 a. Two or more defendants may be charged in the same indictment 'if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and it shall not be necessary to charge all the defendants in each count.' Rule 716 b. But even if two or more offenses and two or more defendants could be charged in a single indictment, the court 'if it appears that an accused or the State will be prejudiced by a joinder of offenses or defendants in an indictment, or by joinder of trial together, * * * may order an election or separate trial of counts, grant separate trial

of defendants or provide such other relief as justice requires.' " Rule 735.

The question of consolidation usually arises upon a motion for severance presented by the defendants and opposed by the State. However, here it is clear from the record that both the prosecution and defense desired that the cases be consolidated, the prosecution feeling that it was to its benefit and in the interest of justice to do so and the defense feeling that it would be prejudiced if the cases were not tried together. We do not say that the feeling of either the prosecution or the defense, or their agreement with respect thereto, is necessarily controlling in the matter, for within the rules it is for the sound discretion of the trial court. Nor do we say that once a court has ordered cases consolidated for trial it may never thereafter strike the order before the trial commences and order separate trials as provided by Rule 735. But we believe that in the facts and circumstances here the court abused its discretion in striking its order of consolidation. It obviously was satisfied, at the time it ordered the cases consolidated, and we think fairly so, that neither the accused nor the State would be prejudiced by the joinder of the cases for trial, and there was nothing thereafter shown which would properly lead it to believe that either would be prejudiced so as to require separate trials. We are constrained to conclude that the compelling reason of the court in striking its order was because of the suggestion of removal made by appellants, the court desiring that the cases be tried before it insofar as that was possible in the face of the suggestion. We hold that on the facts and circumstances of this particular case, as shown by the record, the striking of the original order of consolidation was an abuse of judicial discretion. We note that when consolidation is proper, to have separate trials would unnecessarily occupy the time of the court and add enormously to the costs of the case. *Williams v. State*, 214 Md. 143, 152.

Having found error in the striking of the order con-

solidating the indictments for trial, the question is what effect did the consolidation of the indictments have on the suggestion of removal. Change of venue is dealt with by the Constitution of Maryland, Art. IV, § 8; by statute, Code, Art. 75, § 44; and by rule, Rules 542 and 738. The Constitutional provision and the statute, each under the subtitle "Removal of Causes", read the same in all material aspects. Section 8 of the Constitution, provides, *inter alia*:

"The parties to any cause may submit the same to the Court for determination without the aid of a jury, * * * and in all cases of Presentments or indictments for offenses, which are or may be punishable by death, pending in any of the courts of law in this State having jurisdiction thereof upon suggestion in writing under oath of either of the parties to said proceedings that such party cannot have a fair and impartial trial in the court in which the same may be pending, the said court shall order and direct the record of proceedings in such * * * presentment, or indictment, to be transmitted to some other court having jurisdiction in such case for trial, but in all other cases of presentment or indictment, pending in any of the Courts of law in this State having jurisdiction thereof, in addition to the suggestion in writing of either of the parties to such presentment or indictment that such party cannot have a fair and impartial trial in the court in which the same may be pending, it shall be necessary for the party making such suggestion to make it satisfactorily appear to the Court that such suggestion is true, or that there is reasonable ground for the same. And thereupon the said court shall order and direct the record of proceedings in such presentment or indictment to be transmitted to some other Court having jurisdiction in such cases for trial

> \* \* \* and said Court to which the record of proceedings in such \* \* \* presentment or indictment may be so transmitted shall hear and determine the same in like manner as if such \* \* \* presentment or indictment had been originally instituted therein \* \* \*."

Rule 542, under the subtitle "Removal", establishes the procedure to be followed as to civil causes therein designated. Section a 1 provides that "\* \* \* upon suggestion in writing under oath of either of the parties to said action and not of counsel, that such party cannot have a fair and impartial trial in the court in which the same may be pending,[4] the court shall order and direct the record of proceedings in such suit, action or issue, to be transmitted to some other court having jurisdiction in such case, for trial." Rule 542 is made applicable to criminal proceedings by Rule 738 a, subject to §§ b and c thereof. Section c, providing for further removal, is not here relevant. Section b reads: "Except where the offense is punishable by death, in addition to complying with Rule 542 a 1 \* \* \*, it shall be necessary for the party making such suggestion to make it satisfactorily appear to the court that such suggestion is true, or that there is a reasonable ground for the same." In *Bullock v. State,* 230 Md. 280, it was held that in substance, the constitutional, statutory and regulatory provisions for removal are the same.

In capital cases, therefore, the right of removal, properly suggested, is absolute. *Smith and Whisman v. State,* 2 Md. App. 72; *State v. Long and Nelson,* 1 Md. App. 326. In other than capital cases, removal is within the discretion of the court. *Sizemore v. State,* 5 Md. App. 507; *McLaughlin v. State,* 3 Md. App. 515. And we think it clear, that in accordance with the constitutional and statutory provisions, which refer to "all cases of present-

---

4. Appellants' suggestion for removal complied with those requirements.

ments or indictments for offenses", that if an indictment contains an offense which is or may be punishable by death, there shall be an absolute right of removal for trial of that *indictment*. Thus even though the indictment contains other counts which charge offenses which are not punishable by death, those offenses are carried along with the removal of the offense that is or may be punishable by death, and are also removed for trial.

Indictment 7367 charged rape in the 1st count, assault with intent to rape in the 2nd count and assault and battery in the 3rd count. The offense of rape, by Code, Art. 27, § 461 and the offense of assault with intent to rape by Art. 27, § 12, are or may be punishable by death. The offenses of assault and battery are not. There is no question but that appellants had an absolute right, upon their suggestion, to have all three of the offenses contained in 7367 removed, as they were charged in one indictment. The question is whether, upon the consolidation for trial of 7367, 7366, 7368 and 7365, the latter three indictments, none of which charged an offense which was or might be punishable by death, were carried along with 7367 so as to give appellants an absolute right of removal as to them.

In *Holmes v. State*, 146 Md. 420, the Court said, at 425, "The question for determination by us is, first, was the effect of consolidating the twenty-three indictments equivalent to one indictment embracing twenty-three counts?" The indictment had been consolidated for trial upon motion by the accused, assented to by the prosecution, as was the case here. The Court held, at 426, "After the consolidation the position was identical with an indictment containing twenty-three counts." Appellants rely on *Holmes* to support their argument that the lower court erred in refusing to remove the other indictments. The State makes no reference to *Holmes* in its brief, not claiming that it is not applicable nor attempting to distinguish it.

The Court of Appeals discussed the holding of *Holmes*

in *Glickman v. State,* 190 Md. 516. In *Glickman* there were two indictments. The first contained six counts, charging various violations of the statute against disturbing the public peace and disorderly conduct; the second contained a single count of assault; both offenses were alleged to have occurred on the same date. The cases were tried together before a jury. The jury rendered a verdict of guilty under the sixth count of the first indictment. The court asked the jury if they had arrived at a verdict on the second indictment and they answered, "No." The court sent the jury back for further deliberation on the second indictment and after doing so they rendered a verdict of guilty. The Court of Appeals noted that a verdict finding a traverser guilty under one count of an indictment containing several counts was a valid verdict and was the equivalent to a verdict of not guilty as to the remaining counts. Glickman contended, under the authority of *Holmes,* that the consolidation of the two indictments for trial made his position identical to that of having a single indictment against him with as many counts as the total of all the counts of the two indictments. He argued that therefore the absence of any finding by the jury, in the first instance, operated as a verdict of not guilty as to the second indictment. In *Glickman,* while the indictments were tried together, the record and docket entries failed to disclose any formal order of consolidation. The docket entries in each case were separate and distinct, separate orders for appeal were filed in each case and the cases were docketed separately on the docket of the Court of Appeals. It did not appear what procedure had been followed, but the Court noted authority indicting that the jury should have been sworn separately in each case. It said, at 524, "We feel that in spite of the fact they were tried together, the cases are so far separate and distinct that there should be separate verdicts as to each indictment, or, at least, a verdict touching upon each indictment." It found that the verdict as first announced was a valid verdict as to all counts in the first indictment, but that at that time the jury had

reached no verdict with respect to the second indictment. The judgments were affirmed. In doing so the Court distinguished Holmes, at 523-524:

> "The holding in the *Holmes* case, *supra*, was to the effect that where there were a large number of indictments charging defendant with obtaining various sums of money from a person named, and a blanket indictment embracing the aggregate of such sums so obtained and an additional sum, it was proper for the court to consolidate all these indictments, even without the consent of the accused, and that a verdict of guilty upon some of the other indictments was not inconsistent with a verdict of not guilty upon the blanket indictment. The opinion discloses, at page 422 of 146 Md. 126 A. 116, that there was a verdict as to each of the twenty-three indictments, not guilty as to five of them and guilty as to the remainder. In the course of its opinion the Court does say, at page 426 of 146 Md., at page 118 of 126 A.: 'After the consolidation the position was identical with an indictment containing twenty-three counts, one of which counts charged the obtaining of $66,977.-24, and twenty-two other counts charging the obtention of the various sums set out in the twenty-two indictments in this case, other than the blanket indictment.' But the Court was considering here only the consistency of the verdicts on the separate indictments. That question is not involved in the cases at bar. Here we are considering whether or not the verdict of the jury as first rendered was a full and complete verdict on all the indictments before it. That it was not is evidenced by the fact that the jury, upon inquiry, informed the Court that it had arrived at no verdict on the assault indictment."

There is support for the Court's distinction of *Holmes* in

5 *Wharton's Criminal Law and Procedure* (Anderson) § 1942, p. 50. "When there has been a consolidation of separate indictments, each indictment thus consolidated becomes in effect a separate count in one indictment, but does not permit but one verdict and sentence." We do not construe *Glickman* as holding that the rule stated in *Holmes* was not correct or as overruling it. We believe that the rule as stated in *Holmes* and *Wharton*, that upon consolidation of separate indictments, the counts in each indictment consolidated become in effect a separate count in one indictment is a correct statement of the law, with the proviso as held in *Glickman* and stated in *Wharton*, that it does not permit one verdict and sentence, unless, of course, a general sentence is imposed on the separate convictions as is permissible in our jurisdiction. The distinction in *Glickman* is not apposite to the question here involved. Even though separate verdicts may be required on indictments consolidated, we feel that this has no bearing on the point of whether, upon consolidation, all indictments so consolidated must be removed with the one indictment as to which the right of removal is absolute.

We hold that, as after the consolidation of the indictments in the instant case by an order which we have found to be proper and binding in the circumstances, the position was identical, except for the *Glickman* exception, with one indictment containing counts charged in all the consolidated indictments, and as there was an offense which was or might be punishable by death charged in at least one of the counts, the absolute right of removal applied to all the consolidated indictments. Thus the court erred in not removing them and the error requires reversal. The appellants are entitled to have all the indictments against them tried jointly in the court to which indictment 7367 was removed. But see Rule 542 e.

In view of our holding, we do not reach the other question presented involving the admission of evidence of identification. Whether or not it is admissible on retrial

will depend on the evidence adduced on the issue at that time.

> *Judgments reversed; cases remanded for a new trial in accordance with this opinion.*