## DENNIS MULLENE MOON v. STATE OF MARYLAND

[No. 161, Initial Term, 1967.]

*Decided August 2, 1967.*

The cause was argued before MORTON, ORTH, and THOMPSON, JJ., and CHILDS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned, and PRETTYMAN, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Robert A. Jacques* for appellant.

*Thomas A. Garland, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *Judson R. Wood, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

PER CURIAM.

Dennis Mullene Moon, the appellant, appeals from a conviction for armed robbery in the Circuit Court for Montgomery County after a trial before a jury. He was sentenced to imprisonment in the Maryland Penitentiary for a period of twenty years.[1] Credit was given for the time served since the date of his arrest.

It appears that at a former trial the defendant was convicted of armed robbery, but before the decision became valid he elected to void the indictment under *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475. At the former trial he was sentenced to imprisonment for twelve years. The present appeal arises from the subsequent indictment and trial.

The question presented is: Does the due process clause of the Fourteenth Amendment of the Constitution of the United States, or the common law as applied in Maryland, preclude a greater sentence at the second trial than at the former?

*Tate v. State,* 236 Md. 312, 203 A. 2d 882, and *State v. Barger,* 242 Md. 616, 220 A. 2d 304, make clear that where an indictment is invalid, a defendant can be retried since he has not previously been put in jeopardy. It would seem obvious that in such an event his punishment could be greater than at the prior trial. Although the question of the validity of the indictment was not involved, in *Hobbs v. State,* 231 Md. 533, 191 A. 2d 238, *cert. den.* 375 U. S. 914, 84 S. Ct. 212, 11 L. Ed. 2d 153, the Court of Appeals of Maryland held that on a retrial under the same indictment, after a reversal by an appellate court, the trial judge could impose a greater punish-

---

1. The appellant was simultaneously convicted of larceny and of assault with intent to murder upon which suspended consecutive sentences were imposed. There was no appeal from these convictions.

ment than had been previously imposed. This doctrine insofar as it relates to retrials under the same indictment has been considered recently by three United States Courts of Appeal with differing results.

In *Marano v. United States,* 374 F. 2d 583 (1st Cir. 1967), the First Circuit held that a greater sentence could not be imposed. In *Patton v. North Carolina,* 381 F. 2d 636 (4th Cir. 1967), the Fourth Circuit also held that a greater sentence could not be imposed. In *Starner v. Russell,* 378 F. 2d 808 (3rd Cir. 1967), the Third Circuit held that a heavier sentence could be imposed. In the absence of an authoritative ruling by the Supreme Court of the United States, we shall continue to follow the rule as laid down in the Maryland cases, especially, where as here, the indictment has been declared void, as opposed to a new trial under the same indictment after reversal.

*Judgment affirmed.*