John Dalmer **BENTON**

v.

**Roger B. COPINGER, Warden, Maryland State Penitentiary.**

Civ. No. 18872.

United States District Court
D. Maryland.

Oct. 18, 1968.

H. Thomas Sisk, Washington, D. C., for petitioner.

Francis B. Burch, Atty. Gen. of Maryland, and Edward F. Borgerding and H. Edgar Lentz, Asst. Attys. Gen., Baltimore, Md., for respondent.

## MEMORANDUM AND ORDER

HARVEY, District Judge.

John Dalmer Benton, petitioner, was brought to trial on April 22, 1965 in the Circuit Court for Prince George's County on charges of burglary, housebreaking and larceny. The State dropped the housebreaking count, and following a jury trial on the other two counts, he was found guilty of burglary but not guilty of larceny. Petitioner was sentenced by Judge Parker to a term of ten

years imprisonment on the burglary conviction.

An appeal was taken to the Court of Appeals of Maryland. Before a hearing on the merits of such appeal, the Court of Appeals remanded the case to permit petitioner to elect whether he wanted a new trial under that Court's rulings in Schowgurow v. State, 240 Md. 121, 213 A.2d 475 (1965) and State v. Madison, 240 Md. 265, 213 A.2d 880 (1965). Petitioner elected to have his previous conviction set aside, and on June 3, 1966 he was re-indicted under another three count indictment charging him with burglary, housebreaking and larceny. He was retried on August 11, 1966 before a jury. The State again abandoned the housebreaking count, and on this occasion the jury returned a verdict of guilty on both the burglary and the larceny counts. Following this second trial, Judge Parker sentenced petitioner to concurrent terms of 15 years on the burglary count and 5 years on the larceny count.

A direct appeal from these convictions was then taken to the Court of Special Appeals of Maryland which affirmed the judgments and sentences of the lower court. Benton v. State, 1 Md.App. 647, 232 A.2d 541 (1967). Certiorari was denied by the Court of Appeals of Maryland. Misc. No. 70, Sept. Term, 1967. However, certiorari was granted by the United States Supreme Court. Benton v. Maryland, 392 U.S. 925, 88 S.Ct. 2297, 20 L.Ed.2d 1384 (1968).[1]

Represented by privately retained counsel, petitioner now seeks habeas corpus relief in this Court. He claims (1) that his conviction of larceny at his second trial constituted double jeopardy; (2) that the trial court had a mandatory duty to instruct the jury that no inference of guilt could be derived from de-

fendant's failure to testify; (3) that the trial court erred in admitting evidence of other crimes committed by petitioner; and (4) that petitioner was unconstitutionally sentenced to 15 years on the burglary count after his retrial when the sentence after his first trial had been only 10 years.

Pursuant to a show cause order, the Attorney General of Maryland has filed an answer to the petition and has attached copies of the docket entries and transcript of petitioner's second trial. Following a conference with the Court, counsel agreed that no hearing was necessary but that the matter would be submitted for decision on the pleadings, exhibits and memoranda filed herein.

■ Since his double jeopardy point is presently before the United States Supreme Court for determination, petitioner has withdrawn this issue from consideration by this Court at this time. Furthermore, his second and third points are clearly not grounds for habeas corpus relief. The admissibility of evidence and instructions to the jury are matters of state law and procedure not involving a federal constitutional issue. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). A review of the transcript of his second trial discloses that no constitutional right of petitioner was infringed by the trial judge's charge to the jury nor by rulings on the admissibility of certain evidence.

■ The only question left for determination by this Court is whether following his second trial, petitioner could constitutionally be sentenced to a longer term on his burglary conviction than was imposed as a result of his conviction of the same crime at his first trial. It would appear that as to the sentence now being served because of such burglary conviction, the facts of this case

---

1. In transferring the case to the appellate docket for hearing (Appeal No. 201, October Term, 1968), the Supreme Court directed that the questions to be presented on appeal would be confined to the following (392 U.S. at 925–926, 88 S.Ct. at 2297):

"(1) Is the double jeopardy clause of the Fifth Amendment applicable to the States through the Fourteenth Amendment?

"(2) If so, was the petitioner 'twice put in jeopardy' in this case?"

are similar to those in Patton v. State of North Carolina, 381 F.2d 636 (4th Cir. 1967), cert. den. 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871 (1968). There a state prisoner had been sentenced in a North Carolina court to 20 years imprisonment, following a plea of nolo contendere to a charge of armed robbery. He applied for post-conviction relief and was granted a new trial. He was again convicted at his second trial and on this occasion was sentenced to 25 years imprisonment. His application for federal habeas corpus relief was granted by the District Court. Patton v. State of North Carolina, 256 F.Supp. 225 (W.D. N.C. 1966). In affirming on appeal, the Fourth Circuit Court of Appeals held that following a retrial for the same offense, a trial judge may not impose a sentence harsher than that imposed at the first trial and further that credit may not be denied for time served by a prisoner under such original conviction. The Court said that imposition of such a longer term following a second trial was a denial of due process, violated the equal protection clause of the Fourteenth Amendment and subjected the petitioner to double jeopardy.

The State argues that the present petition should be dismissed because petitioner has not exhausted his available state remedies. No post-conviction proceedings have been filed in a state court. However, a petitioner should not be required to pursue state remedies when the exact point has been decided adversely to his contention by the highest state court to which he could apply for relief. Hayes v. Boslow, 336 F.2d 31 (4th Cir. 1964), cert. den. 386 U.S. 1039, 87 S.Ct. 1496, 18 L.Ed.2d 607

(1967); Sheftic v. Boles, 377 F.2d 423 (4th Cir. 1967); accord, Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964).

The identical point raised here by petitioner has in fact been decided adversely by the highest appellate court in Maryland. In Moon v. State, 1 Md.App. 569, 232 A.2d 277 (1967), the defendant was convicted of armed robbery and sentenced to 12 years. On the basis of Schowgurow v. State, supra, he was granted a retrial at which he was found guilty of armed robbery and also of larceny and assault with intent to murder, for which he had not been tried the first time. Following his second trial, he was given a sentence of 20 years for armed robbery with credit for the time previously served and suspended 10 year sentences on each of the other counts. The Court of Special Appeals affirmed the judgment and sentence on the authority of Hobbs v. State, 231 Md. 533, 191 A.2d 238 (1962), cert. den. 375 U.S. 914, 84 S.Ct. 212, 11 L.Ed.2d 153 (1963). The Maryland Court of Appeals granted certiorari and in an opinion by Chief Judge Hammond affirming the judgment of the Court of Special Appeals, declined to follow *Patton*.[2] Moon v. State, 250 Md. 468, 243 A.2d 564 (1968). The position of the highest court in the State of Maryland on this issue is therefore quite clear, and petitioner should not under such circumstances be required to seek relief in a state post-conviction proceeding before applying to this Court.

The facts of the pending case fall squarely within the holding of the Fourth Circuit Court of Appeals in the *Patton* case. In two recent decisions, that Court has re-affirmed its decision

2. In criticizing the *Patton* decision, Judge Hammond said the following, at page 475, 243 A.2d at page 568:

"We are unpersuaded that *Patton* is sound. There the Court enacted a flat prophylactic rule which it rationalized as constitutionally required, seemingly because it was convinced that out of bitterness, bias, spite or prejudice state judges on retrial would give increased sentences which bore no proper rela-

tion to the fair administration of justice, and that in the rare instances in which this was not so, the second sentences could not be found from the record not to have reflected such prejudice or improper motives. This attitude of knowing judicial pragmatism led to the Procrustean holding, which we think is unwarranted and undesirable in its absolute inflexibility."

in *Patton.* Pearce v. State of North Carolina, 397 F.2d 253 (4th Cir. 1968), and May v. Peyton, 398 F.2d 476 (4th Cir. 1968). This Court must, of course, apply the law as enunciated by the United States Court of Appeals for the Fourth Circuit.

■ The Attorney General of Maryland has requested that a decision in the pending case be deferred until the Supreme Court hands down a decision resolving the conflicting positions that various state and federal courts have taken on the pending issue. The State argues that both the Third Circuit in United States ex rel. Starner v. Russell, 378 F.2d 808 (3rd Cir. 1967), cert. den. 389 U.S. 889, 88 S.Ct. 166, 19 L.Ed.2d 189 (1967), and the Seventh Circuit in United States v. White, 382 F.2d 445 (7th Cir. 1967), have reached results directly contrary to that of *Patton.* It appears that although the Supreme Court denied certiorari in *Patton*, it also denied certiorari in a case reaching a different result on facts similar to those here, namely United States ex rel. Starner v. Russell, supra. As no case is presently before the Supreme Court raising this issue, this Court cannot defer action on the pending petition indefinitely on the assumption that the Supreme Court will grant certiorari and finally resolve this question soon. However, in view of the frequency with which the *Patton* issue arises in Maryland,[3] this Court will stay the effectiveness of its Order entered herein during the pendency of any appeal taken by the State to the United States Court of Appeals for the Fourth Circuit. In the event of an adverse decision by the Fourth Circuit Court of Appeals, the State should apply to that Court for any further stay during the pendency of any further proceedings in this case in the Supreme Court of the United States.

For the reasons stated, this Court concludes that restraint of petitioner under the sentence of fifteen years imposed for his burglary conviction is unlawful. Therefore, it is this 18th day of October, 1968, by the United States District Court for the District of Maryland,

Ordered:

1. That John Dalmer Benton, petitioner, shall be released from all restraint imposed by virtue of his conviction of burglary in the Circuit Court for Prince George's County unless constitutionally re-sentenced within ninety (90) days from the date of this Order; and

2. That if the respondent files an appeal within thirty days, the effectiveness of this Order shall be stayed during the pendency of any such appeal to the United States Court of Appeals for the Fourth Circuit.

---

3. As a result of Schowgurow v. State, supra, numerous retrials were held throughout the State of Maryland. According to the Attorney General, many of the defendants in these cases were again convicted and received longer sentences following their second trials.