## JOSEPHINE BUCKHEIT *v.* EDWARD M. BUCKHEIT

[No. 248, September Term, 1970.]

*Decided December 18, 1970.*

The cause was argued before ORTH, THOMPSON, and POWERS, JJ.

*Eugene A. Alexander, III,* with *Sidney Blum* on the brief, for appellant.

*Daniel F. Thomas,* with *Bryan B. Haddaway* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

This appeal questions the constitutionality of the new ground for divorce established by Chapter 656, Acts of 1969, amending and reenacting Code, Article 16, § 24, and

contends that if it is applied at all, it should be prospective only.

The parties were married on March 27, 1954, in Baltimore. The husband deserted the wife on October 27, 1962. They have not lived together since. With that desertion as the ground, the wife filed a suit for alimony, which was awarded.

On July 8, 1969, the husband filed a bill of complaint praying for a divorce on the ground that the parties had lived separate and apart without any cohabitation and without interruption for five years, and for division and distribution of all property, real, personal and mixed.

Chapter 656, Acts of 1969, added to the grounds for divorce a vinculo matrimonii the following:

> "seventhly, on the application either party when the husband and wife have lived separate and apart without any cohabitation and without interruption for five years. A plea of res adjudicata or of recrimination with respect to any other provisions of this section shall not be a bar to either party obtaining a divorce on this seventh ground. When a divorce is granted on this seventh ground, the court, in the absence of a bona fide property division agreement between the parties, which it may exercise on the application of either party, may divide, and distribute between the parties, all their property, real, personal or mixed, over which the court has jurisdiction. The amount and proportion of the property to be divided and distributed shall be in the sound discretion of the court as just and equitable considering all the circumstances of the case."

By its terms, the new law was effective July 1, 1969.

The wife demurred, contending that the law was unconstitutional. The Chancellor held that portion of the law relating to division of property to be unconstitutional and that portion which established the ground for divorce

both constitutional and severable, as well as retrospective, and sustained the demurrer with leave to amend.

The amended complaint prayed only that relief as to property which has been available under Code, Article 16, § 29. The wife again demurred, along with her answer, the demurrer was overruled, the case heard on the merits, a decree divorcing the husband a vinculo matrimonii from the wife was entered on April 6, 1970, and she appealed. The record in the wife's separate suit for alimony was consolidated below and both were transmitted to this court.

CONSTITUTIONALITY

Constitutionality of the law was ably argued by counsel for both parties in their memoranda supporting and opposing the demurrer below. In a thorough and well reasoned memorandum opinion the Chancellor held that portion of the law relating to division of property unconstitutional because it was not described in the title of the law, but held the rest severable, constitutional, and retrospective in its effect. The title of the act, identified as House Bill 379 originally was:

> AN ACT to repeal and re-enact, with amendments, Section 24 of Article 16 of the Annotated Code of Maryland (1966 Replacement Volume), title "Chancery," subtitle "Divorce and Annulment," to provide additional grounds for divorce of three (3) years' separation, without cohabitation, and without interruption by the parties, and to exclude the plea of res adjudicata or of recrimination as a bar to either party obtaining a divorce on this ground.

As the bill was introduced, this title adequately described the one subject embraced by it. When the body of the bill was amended to change the specified time period from three to five years, the title was likewise amended. When the part relating to division of property was added to the body of the bill, no change was made in the title.

We agree with the Chancellor that the title of the act, as passed, was defective, which rendered the act unconstitutional insofar as its provision regarding division of property was concerned. The reasoning in the opinion of Judge Finan for the Court of Appeals *Clark's Park v. Hranicka,* 246 Md. 178, 227 A. 2d 726 (1967) as set out on pages 183 to 186 applies equally to this case, and will not be repeated here.

## SEVERABILITY

Appellant contends that the defective title requires the whole act to fall. We think otherwise. The absence of a severability clause is not controlling. In *Buck Glass Co. v. Gordy,* 170 Md. 685, 185 A. 886 (1936) the Court of Appeals said, at page 688:

> "It follows that a restriction in the title must either confine the operation of the act to conform to that description, if such a construction is possible, or render the act void to the extent of the conflict."

See also *La Guardia v. State,* 190 Md. 450, 58 A. 2d 913 (1948) and *Atkinson v. Sapperstein,* 191 Md. 301, 60 A. 2d 737 (1948).

Severability of the good from the bad in legislative enactments is discussed in *Baltimore City v. Stuyvesant Ins. Co.,* 226 Md. 379, 174 A. 2d 153 (1961) and in *Sanza v. Maryland Board of Censors,* 245 Md. 319, 226 A. 2d 317 (1967). In *Stuyvesant* the Court of Appeals said, at page 390:

> "It is the duty of a court to separate the valid from the invalid provisions of an ordinance, so long as the valid portion is independent and severable from that which is void. *Schneider v. Duer,* 170 Md. 326, 184 Atl. 914. Notwithstanding the fact that Ordinance No. 437 contained no severability clause, as this court pointed out in the *Schneider* case, *supra,* p. 336, the effect

of such a clause is 'merely declaratory of an established canon of construction recognized by this court.' Even had there been a severability clause, in the words of Justice Brandeis, it would have been 'an aid merely, not an inexorable command.' *Dorchy v. Kansas,* 264 U. S. 286, 290."

For further discussion of the point, see *States Attorney v. Triplett,* 255 Md. 270, pages 280-285, 257 A. 2d 748 (1969).

## RETROSPECTIVITY

It is also contended by appellant that even if the seventh ground for divorce was validly enacted, since the law was effective July 1, 1969, it should be given only prospective and not retrospective application. The question of retrospective or prospective application of a law is a complicated one, and requires consideration of many factors. The intention of the legislature (unless its intent is constitutionally proscribed) is the foremost consideration. *Janda v. General Motors Corp.,* 237 Md. 161, at pages 168-170, 205 A. 2d 228 (1964) and *Wittel v. Baker,* 10 Md. App. 531 (1970).

We think that with relation to the divorce ground here involved, the contention is not well founded. That the five-year separation period may have begun to run before the law was effective does not make application of the law retrospective, in the ordinary sense. Of course the ground must exist when the suit is filed. In *Campbell v. Campbell,* 174 Md. 229, 198 A. 414 (1938) the Court of Appeals considered a virtually identical point involving the then new divorce ground of voluntary separation for a specified period of time. In *Campbell* the suit was filed on the effective date of the law. The Court said at page 234:

"It seems clear to us that the act is applicable by its terms to suits brought after June 1st, 1937, for a divorce on the new ground defined

by the act, *if the specified conditions for invoking it then exist.*" (Emphasis supplied.)

If retrospectivity is involved at all, then the legislature in passing the 1969 act did so with the intent that the interpretation in *Campbell* would also be applied to the new ground for divorce.

*Decree affirmed, appellee to pay costs.*