# FRANKLIN *v.* STATE OF MARYLAND

[No. 282, September Term, 1971.]

*Decided January 10, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Michael Millemann* and *Leonard A. Briscoe* for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Edward F. Borgerding, Assistant Attorney General,* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

Appellant Franklin, who was sixteen years old in 1969 when the offense was committed, was tried for and convicted of robbery with a deadly weapon in the Criminal Court of Baltimore when he was seventeen. Both when he was charged and when he was convicted, Md. Code 1957 (1969 Cum. Supp.), Art. 26, § 70-1 (c), defined a child subject to the laws governing juvenile cases as a person under the age of sixteen, whereas the law applicable to the counties of Maryland made persons under the age of eighteen juveniles. Since he was not a juvenile in Baltimore City, Franklin was not brought before the Juvenile Court for the crime he committed in the City and, of course, there was no waiver of jurisdiction by the Juvenile Court. Section 70-2 of Art. 26 of the Code gives "exclusive original jurisdiction" to the Juvenile Court over a delinquent child—the definition of which includes one who has committed an act which would be a crime if done by a person who is not a child. Under § 70-16 of Art. 26 that exclusive original jurisdiction (with certain limitations not here pertinent) may be waived, and the child may be held for trial under the regular procedures of the court which would have jurisdiction of the offense if committed by an adult. Under the statute there must be a waiver hearing and a consideration by the court of these factors:

1. Age of child.
2. Mental and physical condition of child.
3. The child's amenability to treatment in any

institution, facility or programs available to delinquents.

4. The nature of the offense.

5. The safety of the public.

An order of waiver is a final order and immediately appealable. Section 70-16 (d) then provides: "No person, either prior or subsequent to his 18th birthday, shall be prosecuted for criminal offense committed prior thereto unless the case has been transferred as provided in this section."

On August 6, 1970, in *Long v. Robinson*, 316 F. Supp. 22, the United States District Court for the District of Maryland (Watkins, C. J.) held that the Baltimore City exception to the general Maryland statutory treatment of juveniles that required the trial as adults of sixteen and seventeen year olds arrested for crimes committed in the City was arbitrary and unreasonable and a denial of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. The decision was in terms made applicable to all cases not finally decided on May 15, 1969, the day the suit was filed.

The Court of Appeals for the 4th Circuit affirmed the holding on the constitutional question on the opinion of Judge Watkins, and did not disturb his ruling on retroactive applicability. See *Long v. Robinson*, 436 F. 2d 1116. In *Greene v. State*, 11 Md. App. 106, 110-111, the Court of Special Appeals said and held that:

> "Although decisions of the United States District Courts or of the United States Courts of Appeals, unlike decisions of the Supreme Court of the United States, are not binding upon this Court, *Moon v. State*, 1 Md. App. 569, 232 A. 2d 277; *Lawrence v. Woods*, 432 F. 2d 1072, we are, in this case, persuaded to follow the federal courts on the basis of the testimony produced in *Long v. Robinson, supra* [316 F. Supp. 22]. That case has already produced considerable confu-

sion in the processing of juveniles in the courts of Baltimore; a contrary decision by this Court would simply add to the confusion. In addition, the legislature has deemed it wise to abolish the exception for Baltimore City as of July 1, 1971, and further attempts to extend the date now appear unlikely.

"Having decided Md. Code, Art. 26, § 70-1 (c), insofar as 16 and 17 year old children in Baltimore City are treated differently from all other children of the same age in the State, is invalid, there arises the question of severability. We have no difficulty in deciding that only the exception for Baltimore City is invalid. The intention of the legislature is shown by the presence of a severability clause, Md. Code, Art. 26, § 70-26, and by the repeal of the exception by the legislature, albeit with a delayed effective date. Therefore, the Act is now effective in uniform application throughout the State. See *Buckheit v. Buckheit,* 10 Md. App. 526, 272 A. 2d 54 for a discussion of severability in general.

"In *Long v. Robinson, supra,* the trial court held its decision applicable to all cases not finally decided on May 15, 1969, the date of institution of the proceedings therein. Although the decision in this respect was affirmed on appeal, the appellate court did so on the basis that the class action suit involved there could affect only those persons whose convictions had not become final on such date. It specifically reserved the question as to whether or not it would apply to those persons whose convictions had become final on May 15, 1969.

"We think the administrative dislocation caused by the decision would be reduced if we decided its retroactive application at this time. We hold that the decision is not retroactive to those cases finally decided on May 15, 1969

\* \* \*. We adopt the finality rule applied in *Long v. Robinson, supra,* only to keep the administrative burdens at a minimum."

The Court then decided that the criminal court conviction of Greene (who, like Franklin, was sixteen at the time of the crime) would have been "proper" if the Juvenile Court had waived jurisdiction and, without deciding the merits of Greene's appeal from the judgment of the criminal court, remanded the case for the purpose of having a waiver hearing and held (p. 113):

"In the event the Juvenile Court determines not to waive jurisdiction, or if the State decides not to prosecute the case further, the trial court is directed to vacate the judgment previously entered in the Criminal Court. If, on the contrary, the Juvenile Court determines to waive jurisdiction, we direct the transcript be returned to this Court for determination of the remaining issue in the case."

It is against this backdrop that Franklin appealed his conviction by the Criminal Court of Baltimore to the Court of Special Appeals, which in an unreported opinion filed February 16, 1971 said:

"Appellant was convicted in the Criminal Court of Baltimore of armed robbery, was sentenced, and appealed. The offense occurred on July 15, 1969.

"The record shows that appellant was 16 at the time of the offense. For the reasons given in *Greene v. State,* 11 Md. App. 106, we remand this case for further proceedings as directed in *Greene.*"

The waiver hearing was held and on April 29, 1971 a waiver order was entered. The appeal then came back to the Court of Special Appeals and the Court affirmed the judgment of the Criminal Court of Baltimore, find-

ing in another unreported opinion filed June 29, 1971, that a positive identification in court refuted the claim of Franklin that the evidence was insufficient to support a finding that he was guilty. We granted certiorari to consider and decide whether the Criminal Court of Baltimore had the right and power to try Franklin when it did in the absence of a waiver by the Juvenile Court.

We have concluded that the Criminal Court had neither the right nor the power to try a juvenile who had not been sent to it for trial by the Juvenile Court under the statutory waiver procedures. True, when Franklin was tried the statute law of Maryland on its face and the State and Federal decisions as to legislatively declared geographical classifications in Maryland made it appear that the Criminal Court of Baltimore had jurisdiction to try him on the basis that, for the purposes of trial, he was an adult. But as *Greene,* in reliance on the *Long* decisions, held, he was not such an adult but a child, a juvenile, and as such one who could not be tried in Maryland by a criminal court unless—and only unless—the Juvenile Court so ordered after a proper waiver hearing.

Since the legislature expressly took away the right and the power of the criminal court to try a juvenile unless the Juvenile Court waives in favor of a criminal trial, the trial of Franklin was no more than form—it had no substance and no validity and the conviction it produced was a nullity. Compare *Thomas v. State,* 10 Md. App. 458, 460 ("But had it been established that a timely appeal had been taken from the action of the Juvenile Court in waiving jurisdiction and ordering Thomas held for action of the Grand Jury, the Criminal Court of Baltimore would have had no jurisdiction over the case pending the disposition of the appeal"). In our view it could not have life breathed into it, and it could not be made valid and effective *nunc pro tunc* by a waiver made by the Juvenile Court after the trial had been had. This reasoning and conclusion show a decent judicial respect not only for the directives of the legislature but for the theory of Blackstone that the law exists independent of

judicial decisions and the function of the judge is not to make law but to find it. Mr. Justice Holmes, with characteristic grandeur in the sweep of his phrasing, said in his dissent in *Kuhn v. Fairmont Coal Co.*, 215 U. S. 347, 372: "judicial decisions have had a retrospective operation for near a thousand years."

The idea that the judge is a microphone who bindingly broadcasts the words that the unchangeable law has spoken into him and that an overruling decision is not a change of law but a correction of erroneous law, still has sufficient validity, utility value and strength to require us, as we see it, to hold that Greene's recognition and acceptance of the *Long* cases must be given retrospective effect sufficient to wipe out Franklin's trial and conviction by the criminal court. Nevertheless, we realize that in the last hundred years and particularly in the last fifteen or twenty years, courts increasingly have indulged in judicial legislation and, laws, whether made by legislatures or by courts, must be given effective dates and operate only prospectively unless a contrary intention appears. The Supreme Court and indeed, this Court, see *Schowgurow v. State*, 240 Md. 121, have set and limited retrospectivity in various cases, by applying guides and standards spelled out in *Stovall v. Denno*, 388 U. S. 293, 297, 18 L.Ed.2d 1199. In *Linkletter v. Walker*, 381 U. S. 618, 14 L.Ed.2d 601, as in *Schowgurow,* the Court used the date of the decision as the cut-off date. We see no reason why May 15, 1969, the date of finality set out in the *Long* case and adopted by *Greene,* was not an appropriate, proper and valid selection and we approve it.

The State urges that support for the procedure followed by the Court of Special Appeals is furnished by *Kent v. United States*, 383 U. S. 541, 564, 16 L.Ed.2d 84, 99, and *Kemplen v. State of Maryland* (4th Cir.), 428 F. 2d 169, which followed the suggestions of *Kent* as to what could occur on remand where the criminal trial had followed an apparently constitutionally defective waiver hearing. These cases may offer some support for the course the Court of Special Appeals charted on remand

but neither compels us to follow the procedures they viewed as appropriate and we are persuaded that the direction of the Maryland legislature that jurisdiction of a criminal court over a juvenile commences only after a valid waiver of a Juvenile Court, must be respected and followed.

The judgment of the Court of Special Appeals will be reversed, the judgment of the Criminal Court vacated of record, and the case remanded to the Juvenile Court in order that it may determine whether or not a waiver should be ordered. If the Juvenile Court waives, Franklin may be tried by the Criminal Court; if it does not waive, the Juvenile Court will follow the normal procedures prescribed by the statutes for the care and treatment of juveniles under the circumstances.

> *Judgment reversed and case remanded for further proceedings, costs to be paid by the State.*