## STATE OF MARYLAND *v.* JIMMY LEE COFFIELD

[No. 375, September Term, 1972.]

*Decided March 12, 1973.*

---

1. See note 1 of *Consolidated Engineering Co., Inc. v. Cooper,* *supra.*

306

The cause was argued before MORTON, POWERS and MENCHINE, JJ.

*Josef E. Rosenblatt, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Edmond B. O'Connell, Assistant State's Attorney for Prince George's County,* on the brief, for appellant.

*James E. Kenkel,* with whom were *DePaul, Willoner & Kenkel* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

This is an appeal by the State from an order of Judge William B. Bowie in the Circuit Court for Prince George's County, dismissing a forty count indictment charging Jimmy Lee Coffield with multiple armed robberies and associated lesser offenses. The indictment was returned by the grand jury in Prince George's County, removed to Charles County, and from there sent back to Prince George's County. The appeal comes to this Court through a procedural maze which one who set out to do so would find it difficult, if not impossible, to equal.

The record consists of the clerk's docket entries in Prince George's County, the indictment, a memorandum and order filed in the Circuit Court for Charles County by Judge James C. Mitchell, a memorandum later filed in the Circuit Court for Prince George's County by Judge James H. Taylor, a motion for reconsideration and an order denying the motion, and a three page transcript of a colloquy among Judge Bowie, an Assistant State's Attorney, and defense counsel, which ended with dismissal of the indictment.

After the record was filed here it was supplemented, with our leave, by a one page copy of docket entries in a juvenile proceeding against Coffield. Since no other supplementation of the record was sought by either side, Maryland Rule 1027, our consideration of the case is confined to what is before us.

A chronological recital of relevant steps in the case will be helpful to our consideration of this appeal. On 24 November 1970 a petition was filed in the juvenile court in Prince George's County, alleging that Coffield became delinquent on 20 November because of an offense in the nature of an armed robbery of Christopher Hendrickson. On 2 December the State filed a motion for waiver of juvenile jurisdiction, and an order for a waiver hearing was entered. On the same day the grand jury returned an indictment against Coffield and two others for the murder of Hendrickson, and a separate forty count indictment against Coffield and the two other defendants, charging robbery with a dangerous and deadly weapon of Hendrickson and several other individuals, as well as numerous lesser offenses.

When the waiver hearing was called on 21 December 1970 the State dismissed the entire delinquency petition, including its motion for waiver. Code, Art. 26, § 70-6 (c). The State apparently was relying on the exemption from juvenile jurisdiction which it felt applied because of the provisions of Code, Art. 26, § 70-2 (d) (1). The subsection then read in part as follows:

"(d) Exemptions.—The court does not have jurisdiction over:

(1) A proceeding involving a child who has reached his 14th birthday, alleged to have done an act which, if committed by an adult, would be a crime punishable by death [1] or life imprison-

---

1. The Court of Appeals recently held in *Bartholomey v. State*, 267 Md. 175, 297 A. 2d 696, following *Furman v. Georgia*, 408 U. S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346, that there is no constitutional death penalty in Maryland.

ment (including a lesser offense or an offense arising out of the act alleged to have been committed), * * *." [2]

Various proceedings on the robbery indictment took place in the Circuit Court for Prince George's County, exercising its general criminal jurisdiction. The case was removed as to one of the codefendants, and severed as to the other. A docket entry dated 4 October 1971 records a motion to consolidate and remove, and order of court thereon, as to Coffield, and refers to the murder indictment. The docket then shows the transmittal of the record as to Coffield to the Circuit Court for Charles County on 7 October, and again refers to the murder indictment.

The next entry on the docket in Prince George's County, on 16 December 1971, notes the receipt of the record from the Circuit Court for Charles County with a memorandum and order of court remanding the robbery case as to Coffield to the Circuit Court for Prince George's County for trial.

The docket next records the filing on 1 February 1972 of a Memorandum of Court dated 21 January, signed by Judge James H. Taylor. The memorandum refers to the indictments for murder and for armed robbery of Hendrickson on 20 November 1970; to the abandoned juvenile petition; to the order entered in Charles County remanding the robbery case to Prince George's County for trial; and to the statute, Code, Art. 26, § 70-2 (d) (1). The memorandum then points out that the Circuit Court, exercising its usual criminal jurisdiction, had before it only the allegations of the two indictments, and that neither contained information from which the court could con-

2. By Acts of 1972, chapter 514, a new paragraph (3) was added to subsection (d), providing for the exemption from juvenile jurisdiction of a proceeding involving a child who has reached his sixteenth birthday, alleged to have done an act which would constitute the crime of robbery with a deadly weapon. The new paragraph was effective on 1 July 1972, and does not apply to the present case.

clude that the armed robbery was an includable lesser offense or an offense arising out of the murder. Judge Taylor then expressed the opinion that the circuit court, sitting as a criminal court, was without jurisdiction over Coffield under the robbery indictment.

There was no order giving effect to that opinion, possibly because there was no motion or any other action by the defense or the State which raised any question or issue for decision. There is no indication that there was any adversary hearing, or that either side was even aware that any expression of opinion by the court was forthcoming. The State's Attorney's office took notice of the memorandum by filing a motion for reconsideration and requesting a hearing so that the State might present evidence to show that the charges in the robbery indictment were within the exemption from juvenile jurisdiction. The motion was denied without a hearing.

Since there had been no order affecting its vitality, the robbery indictment against Coffield was still carried as pending in the Circuit Court for Prince George's County. It was assigned to be tried on 19 May 1972. On that day counsel appeared in court before Judge Bowie. Coffield's counsel took the position that there was nothing before the court, that the case was in fact dismissed, and was controlled by Judge Taylor's memorandum.

The Assistant State's Attorney outlined the posture of the case. He said he had seen Judge Taylor in chambers about his motion for reconsideration, and Judge Taylor had said that his ruling was strictly a matter of law, and he did not see any reason to grant a hearing. No evidence was taken before Judge Bowie. The State agreed that Coffield was a juvenile at the time of the incident. Coffield's counsel then made an oral motion to dismiss all counts of the indictment for lack of jurisdiction.

Judge Bowie said that in line with Judge Taylor's previously signed written opinion he had no alternative than to grant the motion. He did so.

The State, as appellant, poses the question:

"Did the lower court err in granting the Appellee's Motion to Dismiss Indictment No. 10877 on the ground that it was without jurisdiction over the Appellee because of failure to secure a waiver of juvenile jurisdiction?"

The State argues that it is apparent that the charges in the two indictments, murder and armed robbery, arose out of the same events. It argues further that the statute does not require the indictment to recite the facts of the underlying offense which is specifically exempt from juvenile jurisdiction.

Coffield, on the other hand, argues that the indictment contained no information showing that as to Coffield it was exempt from juvenile jurisdiction, and that the State presented no testimony or exhibits to support its position. Coffield suggests that the two offenses could have been charged as separate counts in the same indictment, or that the State could have cured the error by obtaining a waiver from the juvenile court.

The confusion which has been compounded at every procedural step in this case from its inception was spawned by these words in the statute, " * * * an offense arising out of the act alleged to have been committed * * *." The basic act alleged, one which " * * * would be a crime punishable by death or life imprisonment * * * ", presents no question for factual determination. Nor does the term "lesser offense". See *Gray v. State,* 6 Md. App. 677, 253 A. 2d 395, where we held that when the circuit court lawfully acquired jurisdiction of the juvenile, because he was charged with an offense exempt from juvenile jurisdiction, the court did not lose jurisdiction because a verdict of guilty or a plea of guilty of a lesser included offense is entered.

But an offense not specifically exempt from jurisdiction of the juvenile court may or may not arise out of some other act which is specifically exempt, and whether

it does can only be determined by a finding of fact by a court.

Armed robbery and murder, committed against the same victim on the same day, very likely but do not necessarily arise from the same occurrence or series of events. Thus a mere comparison of the indictments, even assuming that someone in the judicial system is obligated to make such a comparison, would establish nothing. Coffield's argument that the charges should be brought as separate counts in the same indictment would accomplish no more.

Nor would it be sufficient if one or both indictments contained information from which the court could conclude that the offense not specifically exempt from juvenile jurisdiction arose out of the other. Whatever may be alleged in one or both of the indictments, or in any count, is, after all, no more than an allegation; it establishes no fact. We must reject also Coffield's suggestion that the "error" could have been cured by obtaining a waiver from the juvenile court. The juvenile court could not waive jurisdiction that it did not have, and whether it had the jurisdiction is the very question under inquiry.

The important distinction is that the exemption from juvenile jurisdiction in the one case is based upon the act *charged*, while in the other case, the exemption is based upon the *fact* that the one arose out of the other.

In this case we begin with an indictment which charges Coffield and others with a series of armed robberies and related acts which are within the general criminal jurisdiction of the circuit court. The indictment does not mention Coffield's age, and appears to be good on its face. If a juvenile so charged wishes to question the validity of the indictment, on the ground that exclusive jurisdiction is in the juvenile court unless waived by it, then he should file a motion to dismiss it, stating his ground, Maryland Rule 725 c, so that the State may respond, claim exemption from juvenile jurisdiction, and thus raise an issue of fact for the court. Determination of that issue requires

an evidentiary hearing, Rule 725 d, at which both sides should offer evidence, by stipulation, affidavit, or otherwise, of the age of the accused and of the facts of the offense charged and of the other offense, punishable by life imprisonment, out of which the State contends the offense charged arose.

If the court finds that the accused was under 18 at the time, but that the offense charged in the indictment before the court arose out of another act punishable by life imprisonment, then Code, Art. 26, § 70-2 (d) (1) exempts the offense from the jurisdiction of the juvenile court, and the usual criminal procedures, including indictment, are proper.

Of course, since a question of jurisdiction may be noticed by the court at any time, Maryland Rule 725 b, the State should be aware that the accused may prefer to hold his jurisdictional ace to be played at a later time when it may be of more strategic value to him. On the other hand, the accused and his counsel may, at the time, be satisfied that the State is correct in its position that the juvenile court has no jurisdiction. In neither case would the failure of the accused to move to dismiss the indictment amount to a waiver of his right to question the jurisdiction of the court at a later stage of the case.

If the State feels that the circumstances call for such action, it may conclude to file a motion to grant appropriate relief, Maryland Rule 725 a and c, and assure that the issue is raised and the required factual determination made.

By reason of the consolidation in Prince George's County of the robbery indictment with the murder indictment against Coffield, the two became, in effect, one indictment containing all the counts in both. In *Stevenson and Borum v. State*, 9 Md. App. 152, 263 A. 2d 36, we said, speaking of an indictment for rape and indictments for lesser offenses, at page 165:

> "We hold that, as after the consolidation of
> the indictments in the instant case by an order

> which we have found to be proper and binding in the circumstances, the position was identical * * * with one indictment containing counts charged in all the consolidated indictments, and as there was an offense which was or might be punishable by death charged in at least one of the counts, the absolute right of removal applied to all the consolidated indictments."

When both the murder and the robbery indictments against Coffield reached Charles County by removal from Prince George's County, it was the duty of the Circuit Court for Charles County to consider and rule upon any question raised as to either. Judge Mitchell's brief memorandum and order recites that prior to the start of the trial Coffield's counsel represented that Coffield was a juvenile, that the matter of waiver had been raised but not decided, and moved that the robbery case be remanded to Prince George's County. Rather than "cloud the issue with a jurisdictional question pending" he granted the motion and remanded the robbery case to the Circuit Court for Prince George's County for trial.

We know of no authority in a court where an indictment is properly pending to "remand" it to the court where it originated, or to any other court. Had a jurisdictional question been actually raised, rather than merely suggested, it should have been decided in the court where the indictment was then pending.

We have shown that Judge Taylor's opinion that only a question of law was involved, and that no hearing was necessary, was in error. The State was not afforded the hearing it requested. Judge Bowie was likewise in error in feeling bound by Judge Taylor's opinion. *Walker v. State,* 12 Md. App. 684, 689-690, 280 A. 2d 260, *Layman v. State,* 14 Md. App. 215, 229-230, 286 A. 2d 559. If he merely felt persuaded, rather than bound, the result is the same.

The armed robbery indictment against Coffield should have remained in the Circuit Court for Charles County,

to which it was properly removed. In that court steps should be taken to raise for decision the factual issue upon which turns the jurisdiction of the court to try the case. If the offense charged was not exempt from the exclusive jurisdiction of the juvenile court, then the indictment is a nullity, *Franklin v. State,* 264 Md. 62, 285 A. 2d 616, and should be dismissed; otherwise it should be tried.

> *Order of the Circuit Court for Prince George's County dismissing the indictment vacated.*
>
> *Case remanded to the Circuit Court for Prince George's County for transmittal to the Circuit Court for Charles County for further proceedings in accordance with this opinion.*
>
> *Mandate to issue forthwith.*