## WILLIAM A. GARDNER *v.* WARDEN, MARYLAND PENITENTIARY

[App. No. 1, September Term, 1973.]

*Decided April 5, 1973.*

Before ORTH, C. J., and POWERS and GILBERT, JJ.

William A. Gardner, in proper person.

*Francis B. Burch, Attorney General,* and *Milton B. Allen, State's Attorney for Baltimore City,* for respondent.

ORTH, C. J., delivered the opinion of the Court.

On 9 May 1969 WILLIAM A. GARDNER was found guilty by a jury in the Criminal Court of Baltimore of the first degree murder of Henry Kravetz, a cab driver, (indictment 6074), the attempted robbery with a deadly weapon of Kravetz (indictment 6076), and the robbery with a deadly weapon of Edward Balcer, a cab driver, (indictment 6075). To the verdict in the murder case the jury added the words "without capital punishment," and a sentence of life imprisonment was imposed. A consecutive 20 year sentence was imposed on the conviction of the robbery of Balcer, and a concurrent 20 year sentence on the conviction of the attempted robbery of Kravetz. The judgments were affirmed by this Court. *Gardner v. State,* 10 Md. App. 233, and *Gardner v. State,* No. 342, September Term, 1969, filed 22 December 1970, unreported. Certiorari was denied by the Court of Appeals of Maryland on 9 March 1971, 261 Md. 724, and by the Supreme Court of the United States on 9 November 1971, 404 U. S. 937.

Gardner made three collateral attacks on the judgments under post conviction proceedings in the Criminal Court of Baltimore. Relief under the first petition was denied by order of Cole, J. on 4 February 1972. Applica-

tion for leave to appeal was denied, *Gardner v. Warden,* No. 2, September Term, 1972, filed 21 April 1972, unreported. Relief under the second petition was denied by order of O'Donnell, J. on 5 July 1972. Relief under the third petition was denied without hearing by order of Grady, J. on 5 February 1973. Gardner seeks leave to appeal from Judge Grady's order.

One allegation of error was, in substance, common to each of the three post conviction petitions. It was predicated on the claim that Gardner was 16 years of age at the time of his trial, and apparently, at the time the crimes were committed on 21 September 1968. In the first petition the allegation appeared as "a juvenile waiver hearing should have been held." It was disposed of by Judge Cole as having no merit "since in Maryland the Criminal Court of Baltimore or the Circuit Court of the County has original jurisdiction in all matters where capital punishment may be imposed and the accused is over fourteen (14) years of age. See *Bean v. State,* 234 Md. 432 (1964)." Of course, at the time of trial on the substantive offenses, the law appeared to be that if Gardner was over the age of 16 years when the offenses were committed, he was, in Baltimore City, an adult for the purpose of trial. The Juvenile Court did not have jurisdiction over him, and no waiver by it was necessary. Charter and Public Local Laws of Baltimore City (1949), §§ 240 (b) and 241. In the second petition the allegation was set out as "It was error to have held a waiver of jurisdiction hearing without the Petitioner and counsel having been present." Judge O'Donnell, in the memorandum accompanying his order, found that the allegation afforded no basis for relief because the juvenile courts had no jurisdiction over crimes punishable by death or life imprisonment. The matter of the waiver of juvenile jurisdiction was the sole allegation of error presented by the third petition. It read: "Was petitioner denied due process of law when the State failed to appoint him counsel and afford him a waiver hearing along with counsel since petitioner was at the time six-

teen years of age?" Judge Grady disposed of it as without merit and for reason adopted the views concerning it expressed by Judges Cole and O'Donnell.

## I

Prior to 1 June 1969 Baltimore City was exempted from the provisions of the general statutory law concerning juvenile causes. Code, Art. 26, § 71 (1957). The general law defined "child" as a person under the age of 18 years who was within the jurisdiction of a juvenile court, Code, Art. 26, § 52 (c); gave a juvenile court original, exclusive jurisdiction concerning a child who committed any act which, if committed by an adult, would be a crime not punishable by death [1] or life imprisonment, § 52 (e) and § 53; and permitted a juvenile court in its discretion to waive its jurisdiction over a child charged with the commission of an act which would amount to a misdemeanor or felony if committed by an adult and to order the child held for action under regular criminal procedures, § 54.

Juvenile causes in Baltimore City were covered by the Charter and Public Local Laws of Baltimore City (1949 Edition, being Article 4 of the Code of Public Local Laws of Maryland) §§ 239-257. The provisions with respect to original, exclusive jurisdiction, §§ 240 (d) and 241, and waiver of jurisdiction, § 242, were the same as the general law, but, as to Baltimore City, a "child" was a person under the age of 16 years instead of 18 years as elsewhere in the State, § 240 (b).

Acts 1966, ch. 127, repealed §§ 239-257 of the Charter and Public Local Laws of Baltimore City, repealed § 71 of Code, Art. 26, exempting Baltimore City from the provisions of the juvenile causes subtitle of the general law, and amended the general law to include Baltimore City. By § 5 of the Act, however, it did not become effective until 1 June 1969. Section 4 of the Act provided

---

1. See *Bartholomey v. State*, 267 Md. 175, construing and applying *Furman v. Georgia*, 408 U. S. 238. See also *Matter of Davis*, 17 Md. App. 98; *Aye v. State*, 17 Md. App. 32.

that all cases pending on and all offenses or events occurring prior to 1 June 1969, coming under the provisions of §§ 239-257 of the Charter and Public Local Laws of Baltimore City, would be "proceeded with, considered, and adjudicated" under those sections. Therefore, the proceedings concerning Gardner were within the ambit of the local laws of Baltimore City and not the general laws relating to juvenile causes.[2]

II

On 6 August 1970, in *Long v. Robinson*, 316 F. Supp. 22, the United States District Court for the District of Maryland held that the Baltimore City exception to the general Maryland statutory treatment of juveniles which required that the trial as adults of persons sixteen and seventeen years of age arrested for crimes committed in the City was a denial of the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States. The decision was made applicable to all cases not finally decided on 15 May 1969. The Court of Appeals for the Fourth Circuit affirmed the holding on the constitutional question, and did not disturb the retroactive applicability. *Long v. Robinson*, 436 F. 2d 1116. In *Greene v. State*, 11 Md. App. 106, this Court announced that it was persuaded to follow the ruling in *Long v. Robinson* and adopted its finality rule for reasons set out in 11 Md. App. at 110-111. In *Franklin v. State*, 264 Md. 62, the Court of Appeals of Maryland accepted that the Balti-

---

2. Acts 1969, ch. 432, repealed in large measure the general laws on juvenile causes and enacted new laws in lieu thereof as Code, Art. 26, §§ 70 to 70-26. By § 5 of ch. 432 the Act became effective 1 July 1969, except that as to Baltimore City it took effect 1 June 1969. See *Johnson v. State*, 3 Md. App. 105. Section 70-1 (c) perpetuated the distinction between the meaning of "child" as to Baltimore City and the meaning of "child" in the counties of Maryland. It provided that "child" means a person who has not reached his 18th birthday, except in Baltimore City, where, until July 1, 1970, "child" means a person who has not reached his 16th birthday. Acts 1970, ch. 730, deferred until 1 July 1971 the date at which a child in Baltimore City was a person who has not reached his 18th birthday.

more City exception to the statutory treatment of juvenile was unconstitutional and expressly approved, at 68, the rule of retroactivity set out in *Long* and adopted by *Greene*. The result of *Long, Greene* and *Franklin* is that as to all cases not finally decided on 15 May 1969, a person under the age of 18 years who has committed an act in Baltimore City prior to 1 June 1969, which, if committed by an adult, would be a crime not punishable by death or life imprisonment, is within the original, exclusive jurisdiction of the court in Baltimore City having jurisdiction over juvenile causes by virtue of §§ 240 (d) and 241, Charter and Public Local Laws of Baltimore City (1949). He could not be tried for such an act under the regular criminal procedures except upon waiver by the juvenile court of its jurisdiction over him pursuant to § 242 of the local laws.[3]

---

3. As to offenses occurring in Baltimore City after 1 June 1969 which are within the ambit of Acts 1969, ch. 432, the jurisdiction of the Juvenile Court and the procedures for waiver of that jurisdiction would be pursuant to the applicable provisions of that statute as codified in Art. 26, §§ 70-1, 70-2 and 70-16, as limited by *Long, Greene* and *Franklin.* By § 70-1 (h) a "delinquent child" is a child who commits a delinquent act and who requires supervision, treatment or rehabilitation. A "delinquent act" includes an act which would be a crime if done by a person who is not a child. § 70-1 (g). A juvenile court has exclusive, original jurisdiction over persons alleged to be delinquent children, § 70-2 (a) (1). The age of the child at the time the alleged delinquent act was committed is controlling, § 70-2 (e) (1). It does not have jurisdiction, however, over a proceeding involving a child who has reached his 14th birthday, alleged to have done an act which, if committed by an adult, would be a crime punishable by death or life imprisonment (including a lesser offense or an offense arising out of the act alleged to have been committed), unless the court having jurisdiction removes the proceeding to the juvenile court, § 70-2 (d) (1), see Code, Art. 27, § 594 A; over proceedings involving a child who has reached his 16th birthday alleged to have done an act in violation of certain traffic laws, § 70-2 (d) (2); and, effective 1 July 1972, over a proceeding involving a child who has reached his 16th birthday alleged to have done an act concerning robbery with a deadly weapon unless the court having jurisdiction removes the proceeding to the juvenile court, § 70-2 (d) (3). See *State v. Coffield,* 17 Md. App. 305. A juvenile court may waive its jurisdiction over a delinquent child and order him held for trial under the regular procedures of the court which would have jurisdiction over the offense if committed by an adult, but jurisdiction, in any event, may only be waived on (1) a child who has reached his 14th birthday, or (2) a child who has not reached his 14th birthday who is charged with committing an act which, if committed by an adult, would be punishable by death or life imprisonment, § 70-16 (a).

## III

We discuss the case before us on two suppositions: (1) that Gardner was under the age of 18 years and over the age of 14 years at the time the crimes were committed, and (2) that there was no proceeding conducted by the Juvenile Court with respect to waiver of jurisdiction. The allegation of error presented in the third petition under post conviction procedures must be viewed in the light of *Long*, *Greene* and *Franklin* because Gardner's case was not final on 15 May 1969. It did not become final until the Supreme Court of the United States denied certiorari on 9 November 1971. See *Greene v. State, supra,* at 111, n. 1. The case not being final on 15 May 1969, by the holdings of *Long*, *Greene* and *Franklin*, and under the Charter and Public Local Laws of Baltimore City (1949), § 240 (d) and § 241, the Juvenile Court had original, exclusive jurisdiction over Gardner as to the two robbery charges, because he was a delinquent child under the age of 18 years who had committed acts which, if committed by an adult, would be crimes not punishable by death or life imprisonment. Thus, absent an effective waiver of jurisdiction by the Juvenile Court, the Criminal Court of Baltimore had neither the right nor the power to try him on the robbery charges. This was so, despite that when Gardner was tried the statutory law of Maryland on its face and the State and Federal decisions as to legislatively declared geographical classifications in Maryland made it appear that the Criminal Court of Baltimore had jurisdiction to try him on the basis that, for the purposes of trial on the charges, he was an adult. Of course, the Juvenile Court did not have jurisdiction of Gardner with respect to the murder charge, for that was an act which, if committed by an adult, would have been a crime punishable by death or life imprisonment. The Criminal Court of Baltimore had both the right and power to try him on that charge. So that as to the murder charge, the trial was proper and the conviction validly obtained. As to the two rob-

bery charges, however, the trial was no more than form —it had no substance and no validity, and the convictions it produced were a nullity. We observe that the statutory law applicable at the time of Gardner's trial, unlike the present law, see note 3 *supra*, did not include in the exemption from the jurisdiction of the Juvenile Court a proceeding involving a child alleged to have committed a lesser offense of an act, which if committed by an adult, would be a crime punishable by death or life imprisonment, or an offense arising out of such act, nor did it exempt a proceeding involving a child who has reached his 16th birthday alleged to have done an act concerning robbery with a deadly weapon. See *State v. Coffield, supra.* We further observe that in *Adams v. State,* 8 Md. App. 684, 689-692, we held, under the local law then applicable to Baltimore City, that it was not necessary that the Juvenile Court waive jurisdiction over a child to make proper a conviction of murder which was in the first degree because committed in the perpetration of robbery with a deadly weapon. And we note that in *Gray v. State,* 6 Md. App. 677, 682-685, we held, under the general law as in effect prior to 1 July 1969 as applicable to the counties, that a child was properly convicted without a waiver of jurisdiction by the Juvenile Court, of manslaughter under an indictment charging murder in the first degree. We believed that "the Legislature, in excluding from the jurisdiction of juvenile courts, juveniles charged with crimes punishable by death or life imprisonment, did not intend to oust the trial courts of jurisdiction in cases where a verdict of guilty or a plea of guilty to a lesser included offense not punishable by death or life imprisonment is entered." At 684. Under the law in effect at the time of trial here, the rationale of those cases is clearly not applicable to Gardner's convictions of robbery with a deadly weapon and attempted robbery with a deadly weapon even though he was also convicted of murder in the first degree.

We grant the application for leave to appeal as to the

judgments entered with respect to indictments 6075 and 6076, and remand the case for an evidentiary hearing at which Gardner shall be represented by counsel. At the hearing Gardner shall be afforded the opportunity to establish that at the time the crimes with which he was charged were committed he was under the age of 18 years, and that, as to the robbery charges under indictments 6075 and 6076, the Juvenile Court did not waive its jurisdiction over him and did not order him held for action under the regular procedure that would follow if such acts had been committed by an adult. If these matters are proved, the judgment under each of indictments 6075 and 6076, docket 1968, is void. In such event, as to those charges, Gardner will be under the jurisdiction of the Juvenile Court, unless and until it waives its jurisdiction according to law.

Insofar as the application concerns indictment 6074, it is denied.

> *Application denied with respect to the judgment under indictment 6074; application granted with respect to the judgment under each of indictments 6075 and 6076; order of 5 February 1973 affirmed as to the judgment under indictment 6074; order of 5 February 1973 reversed as to the judgment under each of indictments 6075 and 6076; case remanded for further proceedings in accordance with this opinion; mandate to issue forthwith.*