Dear Mr. Harris:
You have requested our opinion whether the issuance of certain "writs of attachment" by the Circuit Court for Howard County, sitting as the juvenile court, is authorized by law. Our opinion is that a "writ of attachment" would be a lawful means by which a child is taken into custody only if the writ is issued after the juvenile court has obtained jurisdiction over the child through the filing of a petition under § 3-812 of the Courts and Judicial Proceedings ("CJ") Article, Maryland Code.
 I Use of Writs of Attachment
As we understand the practice in Howard County, officers of the Howard County Police Department occasionally seek "writs of attachment" for the questioning and processing of children who are suspected of committing delinquent acts. The police officer appears before a juvenile master and submits an "affidavit of probable cause." The affidavit sets forth the facts that, in the officer's judgment, establish probable cause to believe that the juvenile committed delinquent acts.
The master, after reviewing the affidavit and hearing any additional facts from the officer, recommends the issuance of a writ of attachment. A circuit court judge then reviews and signs an "order for writ of attachment." In the examples provided to us, this order commands the police to take the juvenile into custody, "giving notice to the child's parents, guardian, or custodian, and the on-duty intake officer of the Department of Juvenile Justice of such action, and to process the respondent following normal police procedures." The order then describes what is to happen to the child next. One order that we have seen directs the release of the child to his or her parents, guardian, or custodian. Another directs that the child be "delivered forthwith to the Charles H. Hickey School for detention at that facility pending hearings upon a petition for continued detention not later than the [next] court day . . . ."
The writ of attachment itself is issued by the Clerk of the Circuit Court, addressed to the Sheriff of Howard County or any law enforcement officer. The writ recites that probable cause has been established for taking the child into custody, commands the law enforcement officer to take the child into custody for "processing following normal police procedures," and directs any interim disposition of the child after the end of police processing.
 II Authority for Use
The only reference to use of a "writ of attachment" in juvenile causes is in a form appended to the Maryland Rules. Form 904-WA, "Writ of Attachment," directs a sheriff "to take the [child] into custody and deliver him before the Court." This writ is limited to the situation in which the child is already a "Respondent, was released in the custody of his parent, guardian or custodian on recognizance pending further proceedings, and his parent, guardian or custodian has failed to produce the Respondent at a hearing before the Court. . . ." The writ of attachment in Form 904-WA is akin to a "body attachment" under Rule 1-202(c), which is used under specified conditions to obtain custody of witnesses and parties after a proceeding begins.[1] It is unlike the writ of attachment in Howard County, however, which is used to obtain custody of a child before a proceeding begins.[2]
The Juvenile Causes Act, CJ Title 3, Subtitle 8, contains a provision describing the mechanism for taking a child into custody. CJ § 3-814(a) authorizes a child to be taken into custody "by any of the following methods":
(1) Pursuant to an order of the court;
 (2) By a law enforcement officer pursuant to the law of arrest;
 (3) By a law enforcement officer or other person authorized by the court if he has reasonable grounds to believe that the child is in immediate danger from his surroundings and that his removal is necessary for his protection; or
 (4) By a law enforcement officer of other person authorized by the court if he has reasonable grounds to believe that the child has run away from his parents, guardian, or legal custodian.
In 60 Opinions of the Attorney General 419 (1975), Attorney General Burch concluded that a mechanism for taking a child into custody was improper if it was outside the four methods identified in CJ § 3-814(a). The particular method addressed in that opinion the issuance of arrest warrants by District Court Commissioners was not authorized by CJ § 3-814(a) and was inconsistent with the procedural requirements of the Juvenile Causes Act. 60 Opinionsof the Attorney General 422-24.
Of the four grounds stated in CJ § 3-814(a) for taking a child into custody, the last three are wholly independent of a writ of attachment or other court action. Under the law of arrest, for example, a police officer "may arrest a person without a warrant if the officer has probable cause to believe a felony has been committed or attempted and that such person has committed or attempted to commit a felony whether or not in the officer's presence or view." Article 27, § 594B(c). If an officer may take a child into custody under the law of arrest, a writ of attachment, if valid, would merely give the officer additional authority; a writ of attachment, if invalid, would be immaterial.
Thus, the validity of a writ of attachment matters only if the exclusive basis for taking a child into custody is CJ § 3-814(a)(1), "[p]ursuant to an order of the court." A writ of attachment is indeed issued by the clerk pursuant to an order of the court — namely, an order for writ of attachment. This observation, however, cannot end the analysis, because the term "order of the court" must be understood to mean an order that the court has jurisdiction to issue. An action of the juvenile court is invalid if that court has no jurisdiction. See,e.g., Franklin v. State, 264 Md. 62, 285 A.2d 616 (1972). "It is well established principle of law," wrote the Court of Appeals in 1820, "that the proceedings of any tribunal, not having jurisdiction over the subject matter which it professes to decide, are void . . . ." Wickes' Lessee v. Caulk, 5 H. J. 36, 42 (1820).
Hence, in our opinion, the determinative question is whether the juvenile court has jurisdiction over the child at the time that the order for writ of attachment is issued. Under CJ § 3-804(a), the court has jurisdiction "over a child alleged to be delinquent." See In re Valerie H., 310 Md. 113, 117, 527 A.2d 42
(1987) (juvenile court jurisdiction is "acquired" pursuant to CJ § 3-804(a)). Under CJ § 3-812(a), a petition filed in juvenile court is the means by which a child is alleged to have committed a delinquent act. See also CJ § 3-808(b) ("If delinquency is alleged . . ., the petition . . . shall be filed in the county where the alleged act occurred . . . .").
"[U]nder the juvenile subtitle," wrote the Court of Special Appeals, "we believe that an allegation of delinquency is made by the filing of a petition." In re Appeal No. 1038,32 Md. App. 239, 243, 360 A.2d 18 (1976). Therefore, as Attorney General Burch concluded, "a petition must be filed in the juvenile court by authorized persons in order for the court to gain jurisdiction over an individual." 60 Opinions of the Attorney General
at 422-23. See, e.g., In re Johanna F., 284 Md. 643, 399 A.2d 245
(1979).
This conclusion is consistent with the elaborate intake process set out in CJ § 3-810. Significantly, CJ § 3-810(c)(1) gives the intake officer the duty to "make an inquiry . . . as to whether the court has jurisdiction . . . ." Rule 902a authorizes those "having knowledge of facts which may cause a person to be subject to the jurisdiction of the court [to] file a complaint with the . . . intake officer . . . ." In general, "[t]he role of the intake officer is to review fully the case so as to determine whether it would be more appropriately handled through informal adjustment or even to recommend that no further action be taken." In re StevenB., 84 Md. App. 1, 8, 578 A.2d 223 (1990). To paraphrase the Court of Special Appeals, a juvenile court "may not adopt a policy which ignores, limits, or restricts the intake officer's role in the juvenile cause process." Id.
Under the Howard County practice, the writ of attachment is issued prior to the filing of a petition and prior to any inquiry by the intake officer about jurisdiction. Under these circumstances, the juvenile court's order for writ of attachment is not "an order of the court" under CJ § 3-814(a)(1), because the court lacks jurisdiction over the child at that time.[3]
 III Conclusion
In summary, it is our opinion that a writ of attachment serves as a lawful basis for taking a child into custody only after the juvenile court has obtained jurisdiction of the child through the filing of a petition. Prior to that time, a police officer may take a child into custody pursuant to the law of arrest, as authorized in CJ § 3-814(a)(2), or under the circumstances identified in CJ § 3-814(a)(3) and (4).
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions Advice
[1] Rule 1-202(c) defines "body attachment" as follows: "`Body attachment' means a written order issued by a court directing a sheriff or peace officer to take custody of and bring before the court (1) a witness who fails to comply with a subpoena, (2) a material witness in a criminal action, or (3) a party in a civil action who fails to comply with an order of court."
[2] Thus, the writ of attachment in question more resembles an arrest warrant. See Rule 4-212(d). This rule, like the rest of Title 4 of the Maryland Rules, does not apply to juvenile causes.In re Victor B., 336 Md. 85, 646 A.2d 1012 (1994).
[3] Revised rules for juvenile proceedings, recently published at 23:14 Md. Reg. P-37 (July 5, 1996), would not change any aspect of this analysis.
 *Page 108